### 53433. CLARK v. THE STATE.

BELL, Chief Judge.

Defendant was tried for burglary but convicted of the lesser offense of criminal trespass. He was sentenced to the maximum sentence of 12 months confinement. *Held:*

1. After the impaneling of the jury but prior to the presentation of evidence, the trial court instructed the jury as to the procedure that would be used in the trial of the case. This instruction included: "The defendant may offer evidence if he desires but he is not required to do so under the law, but if defendant does offer evidence, then the state may present evidence to rebut and then the defendant may offer evidence to rebut the state's rebuttal testimony, if any." It is claimed that the above was given in lieu of a pre-evidentiary charge tendered by defendant and was error. The defendant's written request essentially outlined the concepts of reasonable doubt, burden of proof, and presumption of innocence. While the record does not reveal that the court gave the foregoing instruction in place of defendant's written request, nonetheless even if this did occur no error was committed. The charge as given was correct. The defendant admits and the record shows that the substance of the written request was given to the jury prior to retiring for deliberations at the conclusion of the presentation of the evidence. Defendant was entitled to no more. There is no requirement that a trial court charge on substantive matters such as reasonable doubt and presumption of innocence prior to the presentation of evidence. In *Decker v. State,* 139 Ga. App. 707 (4) (229 SE2d 520), we commended educating lay persons as to trial procedures by a pre-evidentiary charge but no requirement was imposed that an instruction of this nature was mandatory. We only cautioned that if a charge is given it should

be correct and not prejudicial.

2. Defendant complains that he was harmed because the trial court gave an unrealistic and incorrect charge as to consideration to be given the lesser included offense of criminal trespass. We have examined this charge and find that it was correct.

3. The defendant enumerates error in the imposition of the maximum sentence since it was based on an improper standard. In essence, the contention is based on a statement by the trial court that defendant was a burglar based on the evidence. Defendant admitted a prior misdemeanor conviction for which he received a probated sentence. If the sentence imposed is within legal limits as it is here, the discretion of the trial court in assessing punishment cannot be interfered with by the appellate courts. *Coppage v. State,* 4 Ga. App. 696 (62 SE 113).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED FEBRUARY 9, 1977.

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.