## 54889. JOHNSON v. THE STATE.

BIRDSONG, Judge.

The appellant Johnson was convicted of the criminal attempt to commit rape. He was sentenced to ten years as a recidivist for this conviction plus the additional offense of violation of the terms of a parole for a previous burglary conviction and sentence. He appeals enumerating four errors. *Held:*

1. The evidence shows that an individual looking like the appellant, driving the appellant's vehicle, and unequivocally identified by the victim as the assaulter, parked his car near the back parking lot of a sorority house near the University of Georgia in Athens. When the

victim, a young female college student living in the sorority house, parked her car and started to walk toward the sorority house, the assaulter approached her, first walking and then running, and grabbed her at the waist. His words were that he wanted to "screw" her. The victim struggled and tried to turn and pull away but was unable to break the man's hold. She pleaded for the man to take anything she had, but to let her go. His only reply was to repeat that he wanted to "screw" her. At that moment, an inhabitant of the boarding house next door heard the girl's screams and ran to investigate. The assaulter upon seeing the approaching help released the victim and successfully made his escape on foot. Papers in the parked car ultimately lead to the appellant.

2. In his first enumeration of error, appellant argues that the trial court erred in admitting what appellant claims is a self-serving declaration as an admission and then instructing on the law of admissions. Appellant claims that the statement was totally exculpatory and thus self-serving. The state argues on the other hand that contradictions between the contents of the statement and testimony of so-called corroborating witnesses could result in a jury finding that the statement was inculpatory.

Appellant's principal defense was alibi. The alleged assault took place at about 9:50 p.m. In his statement, appellant claimed that he arrived at a friend's house at about the same time and spent the night there. The friend testified that appellant spent the night at his house, but did not arrive until about 11 p.m. There were additional witnesses who tended to contradict the time element initially claimed by Johnson.

Appellant's statement is not incriminatory upon its face, but that is not the sine qua non of an admission. Whether a statement intended to be exculpatory has an inculpatory effect depends upon the view that the jury might take of it in connection with all other facts and circumstances disclosed by the evidence. *Fletcher v. State*, 90 Ga. 468 (17 SE 100). In this case, while it is true that appellant's statement is not incriminatory upon its face, the jury was authorized to conclude that the statement became incriminatory when the critical time factor

advanced by appellant in the statement was directly contradicted by his alibi witness. In such circumstances, it was not error for the trial court to admit the statement as an admission and to charge the jury upon the law concerning an admission. *Birks v. State,* 237 Ga. 861 (230 SE2d 294). This enumeration is without merit.

3. In his second enumeration of error, appellant alleges the court erred in sentencing him for a felony under the provisions of Code Ann. § 26-1006 (Ga. L. 1968, pp. 1249, 1275) rather than for a misdemeanor under the provisions of Code Ann. § 27-2507 (Ga. L. 1877, pp. 22, 23), inasmuch as both sections deal with criminal attempts. Appellant's contention has been decided adversely to his position. Code Ann. § 27-2507 contains the limiting language that its provisions apply only in cases where no punishment is otherwise provided for a criminal attempt. In *Cowart v. State,* 136 Ga. App. 528, 531 (2) (221 SE2d 649), this court held that Code Ann. § 26-1006 provides punishment for the offense of criminal attempt and for that reason the trial court properly punished the appellant therein pursuant to the provisions of Code Ann. § 26-1006 rather than Code Ann. § 27-2507. That case also involved a criminal attempt to commit rape. This enumeration lacks merit.

4. The third enumeration of error complains that the trial court erred in denying a motion for a directed verdict of acquittal in that the evidence did not show that appellant had taken a substantial step toward commission of the crime of rape. The only pertinent evidence in this record as to intent and appellant's efforts to effect that intent indicated that appellant wanted to engage in sexual relations with a female previously unknown to him and that he utilized force to restrain her.

After the jury has returned a verdict of guilty, and the defendant seeks a reversal of his conviction on appeal by arguing either that the trial court erred in failing to direct a verdict of acquittal or denying a motion for new trial on the general grounds, the only question presenting itself to the appellate court is whether there is any evidence to support the verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). It is the function of the jury, not the appellate court, to determine the credibility of witnesses

and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. *Watts v. State,* 239 Ga. 725, 727 (1); *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). The evidence in this case is more than adequate to meet the "any evidence" test of sufficiency.

5. In the final enumeration of error, appellant urges that the trial court erred in denying a motion for a mistrial where in response to a question by the trial court, a witness for the state indicated that the appellant had fingerprints on file, thus implying that appellant already had a criminal record. The trial court did indeed deny the motion for mistrial but gave a strong and positive instruction to the jury to disregard the implication, cautioning the jury that there are many innocent explanations to explain why a person has a fingerprint file in existence.

It is extremely doubtful that the unfinished answer of the witness, which made no reference to a record or a crime or conviction of crime, even placed the appellant's character into evidence in any way. But, assuming that it did so, any harmful effect was eliminated from the trial by the subsequent charge and direction of the court to the jury to disregard the same. *Lee v. State,* 239 Ga. 774 (4, 5); *Hudson v. State,* 237 Ga. 443 (228 SE2d 834); *Gordy v. State,* 236 Ga. 723 (225 SE2d 287). See also *Lynch v. State,* 234 Ga. 446, 448 (216 SE2d 307); *Googe v. State,* 237 Ga. 175, 176 (227 SE2d 51); *Ramey v. State,* 238 Ga. 111, 112 (2) (230 SE2d 891).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1977 — DECIDED JANUARY 6, 1978 — REHEARING DENIED JANUARY 23, 1978 — 

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.