## 60177. GREEN v. STATE OF GEORGIA.

BIRDSONG, Judge.

This appeal is from the libel for condemnation of Green's van filed by the state pursuant to Code Ann. § 79A-828. Green had previously pled guilty to possession of a controlled substance after he was stopped on June 1, 1979. Thirty-one "hits" or doses of phencyclidine and a marijuana cigarette were found in the van. At the hearing on the condemnation, the arresting officer testified that the phencyclidine was packaged in 31 individual foil packages about the size of a man's little fingernail, all of which were contained in a 35 millimeter film cannister. Green was asked on direct examination if he was going to sell the phencyclidine and he answered "no." When asked if he was receiving it in a shipment of drugs, he replied, "I'd rather not answer that question." He also denied transporting it in a shipment of drugs and stated that it was for his personal use. In

rebuttal, the state called an officer who testified that he had been with the police department almost eight years, had spent six years in narcotics and that the phencyclidine was packaged "the way that it's sold on the street a lot of times for ten dollars a hit... A person that normally keeps their own usually uses it in a gram form. They don't go to the problem of rolling up each tin foil package for a hit." The trial court found from the evidence before it that the drugs were in the van for the purpose of being transported for sale and that the van was subject to condemnation. Appellant insists that the evidence was insufficient to support the judgment. *Held:*

Code Ann. § 79A-828 (a) (4) declares in pertinent part that "All conveyances . . . which are used, or intended for use, to transport, hold, conceal, or in any manner to facilitate the transportation, for the purpose of sale or receipt of" contraband property are subject to forfeitures. Thus, the only issue before the judge as trier of fact was whether Green intended to sell or transport for sale a controlled substance. The fact that there was a plea bargain whereby he agreed to plead guilty to the lesser offense of possession of a controlled substance does not preclude the state from seeking to prove the requisite intent for purposes of the condemnaton. "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Code Ann. § 26-605. Moreover, where the defendant's statements are not consistent with and do not explain other direct and circumstantial evidence, the defendant's explanation may be rejected by the trier of fact. *Terry v. State,* 243 Ga. 11, 13 (1) (252 SE2d 429). In the condemnation proceeding, which is a civil action, the state had only to prove Green's mental intention by a preponderance of the evidence. Code Ann. § 38-105. " '[T]his court is bound by the any evidence rule and must accept the state's version of the evidence, as was done by . . . the trial judge.' [Cit.] There was sufficient evidence from which the trier of fact could infer an intent to [sell or transfer for purposes of sale the packets of phencyclidine]." *Miller v. State,* 155 Ga. App. 399 (1980); *Jones v. State,* 145 Ga. App. 356 (243 SE2d 747).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED
SEPTEMBER 22, 1980.

*Evelyn Johnson,* for appellant.
*Glenn Thomas, Jr., District Attorney, Amanda F. Williams,*

*James A. Chamberlin, Assistant District Attorneys,* for appellee.