## 66754. OLIVER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for arson in the first degree and criminal possession of explosives.

The evidence authorized the jury to find beyond a reasonable doubt that defendant in the company of several others was in the unlawful possession of dynamite and exploded a stick thereof at the city hall and police station of the City of Woodstock, damaging said building, in violation of OCGA §§ 16-7-60 (Code Ann. § 26-1401) and 63 (Code Ann. § 26-1404). A fuller exposition of the facts is set out in our opinion in the case of a co-participant, *Peterson v. State,* 166 Ga. App. 719 (305 SE2d 447). *Held:*

1. Error is enumerated because the state was permitted to impeach its own witnesses, two co-participants in the offenses, by their prior inconsistent statements. This enumeration is controlled adversely to defendant by *Peterson v. State,* 166 Ga. App. 719 (1), supra, where the state's impeachment of the same two witnesses under the same circumstances was found to be error free.

2. Defendant's contention that the prior statements of the same two witnesses should not have been admitted as substantive evidence under the authority of *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717), as being inherently unreliable, is also without merit.

The argument is that the police interrogations of the two 14-year-old witnesses which produced the statements were extraordinarily coercive making the statements highly unreliable. One of the statements is also claimed to be unreliable because it was excluded from evidence at the trial of that witness because of a procedural defect.

Unless the impeaching statements were incredible as a matter of law, whether the statements or the witnesses' opposing testimonies were credible under the circumstances were questions to be decided by the jury, just as the credibility of any evidence must be so decided. As we cannot say as a matter of law that the impeaching statements were not credible, the trial court did not err in admitting them as substantive evidence.

" 'If, from all that the jury see of the witness, they conclude that what he says now is not the truth, but what he said before, they are none the less deciding from what they see and hear of that person and in court. There is no mythical necessity that the case must be decided only in accordance with the truth of words uttered under oath in court.' [Cit.]" *Gibbons v. State,* 248 Ga. 858, 864, supra.

3. Defendant alleges that the admission of evidence of a traffic ticket for racing was error as it put defendant's character in issue and

was irrelevant; and that even if it was relevant, its prejudicial impact outweighed its probative value.

Even though evidence of another offense may put an accused's character in issue it may be admitted for the limited purpose of establishing, among other things, a motive for committing the offense being tried. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321).

A week before the explosion the traffic ticket in question had been issued by a City of Woodstock policeman to defendant, and one was also given to co-participant Peterson. They were the principal actors in exploding the dynamite at the police station in the city hall. We find that the traffic ticket and circumstances connected therewith were relevant as bearing on defendant's motive to commit the offenses being tried. We also find that their probative value outweighed any possible prejudice to defendant. *Walker v. State,* 156 Ga. App. 842 (1) (275 SE2d 755).

4. Prior to the commencement of the trial or selection of jurors, the chief judge of the circuit, who was not the trial judge, gave all jurors summoned for trials that week an unrecorded orientation at which defendant and his counsel were not present. The denial of defendant's motions to strike the venire, for mistrial and for a new trial on the grounds that the orientation deprived defendant of an impartial jury, the right to be present at all stages of the trial, and violation of an order for full recordation, is enumerated as error.

The orientation included the conduct of jurors during trial, trial procedures, voir dire, attorneys, arguments and instructions on the burden of proof and circumstantial evidence, according to the judge who gave it. He testified that he had given the orientations about a hundred times, and that they were open to the public. He read the standard pattern charge on burden of proof and defined what reasonable doubt meant. He also explained the code definition of circumstantial evidence.

Referring to the pretrial orientation, during the course of the trial the trial judge cautioned the jurors that they must decide the case in accordance with the law given to them at the close of the evidence only, and ascertained that the jurors understood this.

In cases where preliminary instructions were given to the jury after the jury was selected but before any evidence was presented, which were, of course, in the presence of counsel and accused, we said: "In *Decker v. State,* 139 Ga. App. 707 (4) (229 SE2d 520), we commended educating lay persons as to trial procedures by a pre-evidentiary charge but no requirement was imposed that an instruction of this nature was mandatory. We only cautioned that if a charge is given it should be correct and not prejudicial." *Clark v. State,* 141 Ga. App. 257 (1) (233 SE2d 246).

Applying the foregoing reasoning to the instant case, we find no error. The orientation was not a part of defendant's trial. It was given to jurors generally and did not pertain or refer to any particular case. The references made to the law were correct. The jury in defendant's trial were cautioned to take the law only from the charge given during the trial; and the orientation instructions do not appear to have conflicted with the court's charge in any way. Under these circumstances we find no possibility of any prejudice to defendant.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 22, 1983 —
REHEARING DENIED OCTOBER 18, 1983 —

*Edwin Marger, Carol M. Goldman,* for appellant.
*Rafe Banks III, District Attorney, G. Channing Ruskell IV, Assistant District Attorney,* for appellee.