## 66309. REEVES v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of burglary and theft by taking.

1. Several enumerations of error pertain to testimony about a statement made by appellant while in police custody. At trial, the investigating officer testified as follows: "I asked [appellant] why did he break into the house and he said that he was messed up." At this point, the officer's testimony was interrupted by defense counsel, who requested a Jackson-Denno hearing and also moved for a mistrial. Appellant's motion for mistrial was premised upon the inadmissibility of the officer's testimony because defense counsel had not previously been provided with a copy of appellant's in-custody statement which contained the seemingly inculpatory sentence attributed to appellant by the officer's testimony. Apparently, the state had furnished defense counsel with a copy of appellant's in-custody written statement, but that copy did not contain the sentence testified to by the officer, which was apparently an in-custody oral statement by appellant.

At the Jackson-Denno hearing, it was established that appellant's in-custody oral statement had included an additional sentence which defense counsel's objection had prevented the officer from relating in his testimony. According to the officer, immediately after appellant had responded to the question by stating that he was "messed up," appellant had then made the exculpatory statement "that he did not break into the house." The copy of appellant's in-custody statement which had been furnished defense counsel did not contain this exculpatory sentence either. Following the hearing, the trial court ruled that appellant's in-custody statement had been

voluntarily given but that all portions thereof which had not previously been provided to defense counsel would be excluded from evidence. Although the inculpatory first sentence of appellant's in-custody oral statement as testified to by the officer came within the purview of the trial court's ruling of inadmissibility, appellant's motion for mistrial was denied and, when the jury subsequently returned, no instruction was given that the officer's testimony was to be disregarded. The trial court also denied appellant's request that the exculpatory second sentence of his in-custody statement be admitted into evidence, the court ruling that no reference to either sentence was admissible into evidence because defense counsel had not been provided a copy thereof.

Appellant enumerates as error the trial court's failure to grant his motion for mistrial or to give any instruction to the jury to disregard the officer's testimony concerning the inculpatory first sentence of appellant's in-custody oral statement. Appellant also enumerates as error the trial court's refusal to admit the exculpatory second sentence of appellant's statement into evidence.

It is clear that the trial court's ruling that appellant's in-custody oral statement was inadmissible was premised upon OCGA § 17-7-210(c) (Code Ann. § 27-1302): "Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal." See also OCGA § 17-7-210 (d) (Code Ann. § 27-1302). However, we find nothing in the record before us to demonstrate that appellant ever made a proper and timely written request for a copy of his in-custody statement pursuant to this statute. It is clear that a defendant's strict compliance with OCGA § 17-7-210 (Code Ann. § 27-1302) is a prerequisite to his right to invoke its exclusionary remedy. See generally *State v. Madigan,* 249 Ga. 571, 573 (2) (292 SE2d 406) (1982). "To constitute a request for discovery under [OCGA § 17-7-210 (Code Ann. § 27-1302)], a pleading must either make specific reference to [OCGA § 17-7-210 (Code Ann. § 27-1302)], or make it clear that written copies of the defendant's own statements are to be furnished to the defense at least ten days prior to trial. [Cits.]" *McCarty v. State,* 249 Ga. 618, 620 (292 SE2d 700) (1982). There being nothing in the instant case to demonstrate that appellant ever made a timely, written request for a copy of his statement pursuant to OCGA § 17-7-210 (Code Ann. § 27-1302), such evidence as concerned that statement was not excludable or inadmissible under that statute. See *State v. Madigan,* supra; *McCarty v. State,* supra.

Accordingly, the trial court did not err in refusing to grant

appellant's motion for mistrial or in failing to instruct the jury to disregard the officer's testimony. Indeed, the trial court's error was in ruling that testimony concerning appellant's statement was inadmissible pursuant to the clearly inapplicable statute. Moreover, even if OCGA § 17-7-210 (Code Ann. § 27-1302) had been applicable, it still would not have been authority for refusing to allow *appellant* to introduce evidence concerning his own in-custody statement. The statute plainly says that the result of the state's failure to comply with a defendant's timely, written request for the production of his statement is the exclusion and suppression of the statement "from the *prosecution's* use in its case-in-chief or in rebuttal." (Emphasis supplied.) OCGA § 17-7-210(c) (Code Ann. § 27-1302). Also, OCGA § 17-7-210 (d) (Code Ann. § 27-1302) provides that "no relevant and material (*incriminating or inculpatory*) portion of the statement of the defendant may be used *against the defendant* unless it has been previously furnished to the defendant, if a timely written request for a copy of the statement has been made by the defendant." (Emphasis supplied.) Clearly there is nothing whatsoever in the statute which would preclude a *defendant* from introducing evidence of his own *exculpatory* statement because the state failed to comply with its obligation.

If appellant's exculpatory statement were inadmissible, it would be on the basis that it was a self-serving declaration. See generally *Thomas v. State,* 248 Ga. 247, 252 (10) (282 SE2d 316) (1981). Resolution of this issue requires that we consider the context in which the exculpatory statement was made. See generally *Shaw v. State,* 241 Ga. 308, 311 (5) (245 SE2d 262) (1978). The officer's testimony that appellant had stated that he "was messed up" was not, as discussed above, erroneously admitted. However, the jury might have interpreted this utterance, standing alone, as an inculpatory acknowledgement of a fact from which guilt might be inferred. See *Johnson v. State,* 144 Ga. App. 568, 569 (241 SE2d 458) (1978); *Norrell v. State,* 116 Ga. App. 479, 486 (2) (157 SE2d 784) (1967). The immediately following exculpatory second sentence of appellant's statement which was excluded not only explained his first utterance, but had the qualifying effect of negating the otherwise ostensibly incriminating admission made therein. Therefore, we hold that the exclusion of the exculpatory second sentence was prejudicial to appellant and requires reversal. See *Brown v. State,* 119 Ga. 572 (4) (46 SE 833) (1903). Compare *Shaw v. State,* supra.

2. Appellant's remaining enumerations were either not preserved for review on appeal or need not be addressed in view of our holding in Division 1.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 3, 1983.

*Barbara J. Gale,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.