## 67153. BALDWIN v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of armed robbery by use of an offensive weapon. He contends on appeal the trial court erred by denying his

motion for a mistrial after evidence of an independent crime was admitted improperly.

The armed robbery in the instant case was committed by appellant and Cecil Hogg. They drove to Heller's Prescriptions, Inc., where appellant waited in the car while Hogg entered the drugstore and robbed it at gunpoint of cash and drugs. Appellant testified he had never been to Heller's prior to the date in question, and did not know Hogg had robbed the store until a policewoman stopped them on the way home.

John Battu, the pharmacist at Heller's, was then allowed to testify in rebuttal that two weeks prior to the robbery in this case, he returned from the bank to Heller's and saw appellant sitting in a truck in the parking area outside Heller's. When Battu entered the store Hogg was robbing the store of cash and drugs. Appellant contends it was error to allow Battu's testimony and deny his motion for a mistrial based thereon because if was not shown that appellant was the perpetrator of that offense.

The testimony was admissible to impeach appellant's testimony that he had never been to Heller's before. OCGA § 24-9-82 (Code Ann. § 38-1802); *Weaver v. State,* 161 Ga. App. 421, 422 (3) (288 SE2d 687) (1982). In addition, evidence of independent crimes has been held admissible to show motive, plan, scheme, bent of mind, and course of conduct. *Johnson v. State,* 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). Before such evidence is admissible, however, it must be shown that the defendant was in fact the perpetrator of the independent crime, and there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State,* 249 Ga. 309, 311 (1) (290 SE2d 273) (1982).

The evidence of a similar crime met all requirements for admissibility set forth in *Davis,* supra, and the trial court did not err by denying appellant's motion for a mistrial.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 9, 1984.

*Jeffrey W. Lasky,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.