## 70404. THOMAS v. THE STATE.
(335 SE2d 135)

CARLEY, Judge.

Appellant was convicted of aggravated assault and burglary. He appeals.

Evidence was adduced at trial to establish that appellant made an unauthorized entry into the apartment of Ms. Linda Wright while she was at home. Appellant grabbed Ms. Wright and threatened her with a knife. As she struggled with him, appellant choked her by twisting her shirt around her neck. He stabbed her with the knife and pulled her through a window of the apartment. They continued to struggle, and appellant eventually fled. Ms. Wright subsequently identified appellant's picture in a photographic lineup, and she unequivocally identified him at trial as the man who had attacked her. Her testimony was buttressed by that of other witnesses.

1. Evidence was admitted over objection of a separate and independent attack upon Karla Larkin. Ms. Larkin testified that she was in the bedroom of her apartment when she was grabbed from the rear by a man with big arms. They struggled, and the man squeezed her neck and shoulders until she became unconscious. When she regained consciousness, a cloth belt which had been on the floor of the bedroom was tied around her wrist. Ms. Larkin was unable positively to identify her attacker, since he was behind her during the incident. However, another woman who lived nearby testified that she saw appellant walking up the sidewalk toward Ms. Larkin's apartment approximately an hour and a half prior to the attack. Although this witness identified appellant's picture in a photographic lineup and positively identified him at a preliminary hearing and at trial, she stated that she did not recall that the person she saw prior to the

attack on Ms. Larkin had facial hair. Appellant apparently did have facial hair at the time in question.

In order for evidence of an independent crime to be admissible, the State must show not only that the other crime was similar to the offense charged, but also that the defendant committed the other crime. See *Gladson v. State*, 253 Ga. 489, 492 (322 SE2d 45) (1984). Appellant does not contend that the attack on Ms. Larkin was dissimilar to the attack on Ms. Wright, who was the victim in the instant case. However, he maintains that evidence of the attack on Ms. Larkin was erroneously admitted because he was not adequately identified as the perpetrator of that offense.

"[W]e have held that the standard of proof of reasonable doubt is not applicable to the proof that the defendant was the perpetrator of the independent crimes, but only to the proof that he or she was the perpetrator of the crimes for which the accused is on trial. [Cit.]" *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40) (1983). Applying that principle to the case at bar, we find that appellant was sufficiently identified as Ms. Larkin's attacker so as to render evidence of that crime admissible. Despite the inconsistency with regard to appellant's facial hair, the witness testified that she was "ninety per cent sure" of her identification of appellant from the photographic lineup, and she was unequivocal in her identification of him in court on two occasions. Evidence of the attack upon Ms. Larkin was properly admitted. *Williams v. State*, supra; *Baldwin v. State*, 169 Ga. App. 775, 776 (315 SE2d 289) (1984).

2. Appellant further enumerates as error the admission into evidence of the cloth belt used in the Larkin attack. However, we have held that testimony regarding that independent crime was admissible, and real evidence with regard thereto was likewise properly admitted. Cf. *Oliver v. State*, 168 Ga. App. 477 (3) (309 SE2d 627) (1983); *Powell v. State*, 171 Ga. App. 876, 881 (3) (321 SE2d 745) (1984).

3. Also enumerated as error is the admission over objection of evidence of two other incidents involving appellant. This evidence was expressly introduced for the limited purpose of illustrating appellant's bent of mind, motive, plan, scheme, or course of conduct, or as tending to establish his identity.

The first of the transactions in issue involved Elizabeth Hicks, who lived in the same apartment complex as did Ms. Wright, the victim herein. Ms. Hicks arrived home from work shortly after midnight on the same evening upon which Ms. Wright had been attacked just prior to 11:00 p.m. Appellant approached Ms. Hicks in the parking lot and asked her for a ride. She declined, and appellant made the same request several more times. As Ms. Hicks walked away, appellant called her a white bitch and asked her why all white people were like that.

The second transaction occurred at the apartment complex immediately adjacent to the one where Ms. Wright lived. Appellant approached Susan Ross in the laundry room of the complex and asked whether she would like to get to know a black gentleman. Although Ms. Ross rebuffed appellant, he persisted in his efforts to "pick her up." However, when Ms. Ross asked appellant to let her leave the laundry room, he did so.

Appellant contends that evidence of these two incidents was improperly admitted because they were not sufficiently similar to the crimes for which he was being tried, and because they reflected unfavorably upon his character. However, there is no contention that the laundry room confrontation with Ms. Ross involved any crime, and evidence of that occurrence was relevant and admissible to show appellant's bent of mind. *Walker v. State*, 156 Ga. App. 842, 843 (1 (b)) (275 SE2d 755) (1980). Furthermore, even if appellant's conduct toward Ms. Hicks could somehow be characterized as criminal, that evidence was also relevant and admissible to establish appellant's bent of mind, and its probative value outweighed any possible prejudice to appellant. See *Oliver v. State*, supra. " 'Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind are involved as a material element in a particular criminal offense for which the defendant is on trial, and the defendant has engaged in a course of conduct at or about the same time the act in question was committed, and these transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received.' [Cit.]" *Powell v. State*, supra at 881-882. There was no error in the admission of the evidence.

4. The trial court correctly instructed the jury concerning the limited purpose for which the foregoing "other transactions" evidence was introduced. See *Gladson v. State*, supra at 492; *Cooper v. State*, 173 Ga. App. 254, 256 (3) (325 SE2d 877) (1985); *Morris v. State*, 228 Ga. 39, 53 (24) (184 SE2d 82) (1971).

5. Appellant enumerates as error the failure of the trial court, without request, to charge the jury on his sole defense of alibi.

"[S]ince the true effect of an alibi defense is to traverse the [S]tate's proof that the defendant committed the crime, the charge that the burden is on the [S]tate to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of whether the evidence of alibi was sufficient to create a reasonable doubt. [Cits.] We conclude that it is ordinarily not error to fail to charge specifically on alibi absent a request. . . . Furthermore, having examined the evidence and the charge in this case, we hold that the trial court did not err in failing to charge on alibi. The trial court did charge, completely and correctly, on the defendant's presumption of innocence, on the [S]tate's burden of proving beyond a

reasonable doubt that the defendant committed the crimes at issue, and on credibility of witnesses. The [S]tate produced evidence sufficient to prove beyond a reasonable doubt that the defendant perpetrated these crimes; the defendant testified that he did not do so, and that he could not have done so because he was [somewhere else] at the time they occurred. The absence of a charge on alibi did not change the fact that no juror who believed the defendant's testimony could find that the [S]tate had carried its burden of proof." *Rivers v. State*, 250 Ga. 288, 300 (298 SE2d 10) (1982). See also *Brown v. State*, 251 Ga. 598, 601 (5) (308 SE2d 182) (1983); *Jones v. State*, 171 Ga. App. 184, 188 (6 (b)) (319 SE2d 18) (1984); *Johnson v. State*, 174 Ga. App. 751 (330 SE2d 925) (1985).

6. Appellant asserts that the trial court erred in charging the jury with regard to incriminating statements. He contends that no such statements were in evidence.

After his arrest, appellant gave an oral statement which was apparently transcribed by law enforcement officials. Appellant testified at trial that the statement was reasonably complete, and that it accurately reflected the information he had provided the police. However, the prior statement conflicted with appellant's trial testimony with regard to the timing of his visit with an acquaintance, which factor was crucial to his alibi defense. Additionally, certain other details which were significant to appellant's theory of defense were included in his trial testimony, but not in his earlier statement to the police. Both the statement and appellant's testimony conflicted with the testimony of other witnesses.

"Appellant's statement is not incriminatory upon its face, but that is not the sine qua non of an admission. Whether a statement intended to be exculpatory has an inculpatory effect depends upon the view that the jury might take of it in connection with all other facts and circumstances disclosed by the evidence. [Cit.]" *Johnson v. State*, 144 Ga. App. 568, 569 (2) (241 SE2d 458) (1978). In this case, the jury was authorized to conclude that appellant's statement became incriminatory when the critical time factor advanced by appellant in the statement was contradicted by his own trial testimony as well as by the testimony of other witnesses. Accordingly, it was not error for the trial court to charge the jury on the law of incriminatory statements. See *Birks v. State*, 237 Ga. 861, 863 (230 SE2d 294) (1976); *Johnson v. State*, 144 Ga. App. 568, supra.

Moreover, even if it could be said that the inconsistencies in the evidence were not sufficient to render appellant's statement incriminatory, in the light of the considerable strength of the evidence supporting the verdict, the giving of the instruction would be, at most, harmless error. *Mimbs v. State*, 144 Ga. App. 628 (2) (241 SE2d 494) (1978).

7. The admission over objection of photographic lineups and testimony regarding those photographs is enumerated as error. At trial, appellant's only objection in this regard was that the six persons depicted in the photographs were not sufficiently similar in appearance to constitute a fair lineup.

The victim, who identified appellant's picture in one of the lineups, testified that the six photographs depicting black males with beards were all similar. The trial court examined both of the photographic displays and ruled that they were not impermissibly suggestive. Moreover, "[t]he display[s] utilized [are] before us in the record, and we are satisfied that [they do] not suffer from the [defect] attributed to [them] by the appellant." *McMullen v. State*, 172 Ga. App. 161 (322 SE2d 521) (1984). See generally *Eiland v. State*, 246 Ga. 112, 113-114 (1) (268 SE2d 922) (1980). There was no error.

8. With regard to the photographic lineups, appellant further asserts that his in-court identification was impermissibly tainted thereby.

" ' " "(C)onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." [Cit.] . . . "The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification . . . ." [Cit.]' [Cit.]" *Johnson v. State*, 169 Ga. App. 943, 944 (315 SE2d 667) (1984).

In the case at bar, as previously noted, the photographic displays were not impermissibly suggestive. Furthermore, each of the witnesses who identified appellant at trial had an independent basis for her recognition of him. Each of these witnesses had the opportunity to observe appellant closely for several minutes during the events to which she testified. See *Messer v. State*, 247 Ga. 316, 321 (276 SE2d 15) (1981). The in-court identification testimony was properly admitted.

9. Also enumerated as error is the admission over objection of a photograph depicting certain fingerprint smudges on a windowsill of the victim's apartment. Appellant additionally complains of the admission of testimony concerning the fingerprint smudges. The fingerprints were not identified as appellant's.

Appellant contends that the photograph was inadmissible because it was not supplied to him prior to trial pursuant to his OCGA § 17-7-211 motion for discovery of scientific reports. However, the photograph was not a written scientific report, and no written report regarding the smudges was shown to be in existence. See generally *Riv-*

*ers v. State,* supra at 296-297 (4). Since OCGA § 17-7-211 attaches only when there is such a writing, *Faircloth v. State,* 253 Ga. 67, 68 (2) (316 SE2d 457) (1984), the photograph was not admitted in violation of that statute.

After the photograph was admitted into evidence, the investigating officer testified that he theorized that the greasy fingerprint smudges could have been made by someone who worked on automobiles or in a restaurant. Appellant objected to this testimony on the ground that the witness had not been qualified as an expert. The trial court sustained the objection, but admitted the evidence for the limited purpose of explaining the officer's conduct in investigating appellant, who worked in a restaurant.

Pretermitting the propriety of the basis for the trial court's ruling, we find that the evidence did not constitute an expert opinion, and that it was relevant and admissible. "Description of one's physical observations and opinions logically flowing therefrom have long been admissible in this [S]tate. [Cits.]" *Robinson v. State,* 168 Ga. App. 569, 571 (2) (309 SE2d 845) (1983). See also *Munsford v. State,* 235 Ga. 38, 42 (218 SE2d 792) (1975).

10. For the reasons discussed herein, the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985 —
REHEARING DENIED SEPTEMBER 17, 1985 —

*Jack V. Dorsey,* for appellant.

*Robert E. Wilson, District Attorney, James E. Richter, Barbara B. Conroy, Assistant District Attorneys,* for appellee.