## 44035. WHITT v. THE STATE.
### (354 SE2d 116)

Smith, Justice.

A Fulton County jury found the appellant, Otis Whitt, guilty of the murder of Larry Floyd and of possession of a firearm during the commission of a felony. Whitt raises three issues on appeal. We affirm.[1]

Floyd went to Whitt's apartment on December 23, 1985, to discuss a debt. The two men began to argue, and Floyd left the apartment. As Floyd walked around the car in which he had arrived, Whitt fired a shot, fatally wounding Floyd. Whitt testified at trial that Floyd was walking towards him with a pistol at the time of the shooting. Others testified that Floyd did not have a gun prior to the shooting.

1. We find the evidence sufficient to support the jury verdict under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Whitt claims that the trial court allowed inadmissible character testimony into evidence.

(a) Whitt testified that he had owed Floyd $350 for some time but that he had paid Floyd back. He asserted that Floyd's request for more money led to the argument that ultimately resulted in Floyd's death. When the prosecutor questioned Whitt about the nature of the debt, Whitt stated that he had paid Floyd $350 for an "eight ball" of cocaine which he resold for a profit. While the nature of the debt would not be independently relevant to the legal issues on this case beyond the obvious inference that Whitt is a criminal, we find that Whitt, in openly responding to the prosecutor's question, opened the door to testimony on the subject of the nature of the debt. See generally *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) (1985).

---

[1] The crime was committed on December 23, 1985. The Fulton County jury returned its verdict of guilty on July 23, 1986. A transcript of evidence was filed August 31, 1986. Notice of appeal was filed August 22, 1986 and the record was docketed in this Court on November 5, 1986. The case was submitted on January 2, 1987.

(b) At another point in the trial, Whitt expressed his surprise and chagrin that he was in court as a defendant in a murder trial. He stated that he never believed that he would be faced with a charge like rape, murder, or child molestation. The prosecutor responded by asking him if he had not been in court for a number of other reasons. We find that the trial court did not abuse its discretion in instructing the jury to disregard the prosecutor's remark rather than declaring a mistrial. *Lewis v. State*, 255 Ga. 681 (341 SE2d 434) (1986).

(c) During the testimony of Kenneth Kemp, the man who accompanied Floyd to Whitt's house, Kemp twice referred to Whitt's use of cocaine. Since Whitt did not request a mistrial at the time that he made his objection, he may not now claim that the trial court should have declared a mistrial at that time. *Flynn v. State*, 255 Ga. 415, 419 (339 SE2d 259) (1986).

3. Whitt finally contends that the trial court erred in charging the jury that the state was not "required to prove the guilt of the defendant beyond all reasonable doubt, but [was] required to prove beyond a reasonable doubt." While this charge clearly constitutes error, we find that the charge as a whole properly informed the jury of the state's burden of proof. We will not, accordingly, reverse this case on the basis of a slip of the court's tongue. *Gober v. State*, 247 Ga. 652 (278 SE2d 386) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1987.

*Clifton O. Bailey III,* for appellant.

*Lewis R. Slaton,* District Attorney, *Richard E. Hicks, Wendy L. Shoob,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *J. Michael Davis,* Assistant Attorney General, for appellee.