73847. CLARK v. THE STATE.
(357 SE2d 109)

BENHAM, Judge.

Although charged with murder, felony murder and aggravated assault, appellant was convicted of voluntary manslaughter on March

26, 1986. He filed a motion for new trial which was overruled on June 2, 1986. In his notice of appeal, originally filed in the Supreme Court on August 29, 1986, he acknowledged that his appeal was untimely and stated that the district attorney had consented to the out-of-time appeal. The notice was signed by the district attorney. However, the record contains no motion for out-of-time appeal, nor is there an order from the trial court permitting the late appeal. The notice of appeal erroneously stated that appellant was convicted of murder, when in fact, he had been convicted of voluntary manslaughter. Upon review the Supreme Court, apparently noting that the case was not within its subject matter jurisdiction, transferred the case to this court on October 27, 1986.

1. Appellant was required to file his notice of appeal within 30 days after the entry of the order denying his motion for new trial. OCGA § 5-6-38 (a). This court's jurisdiction to entertain an appeal is conditional upon the proper and timely filing of such notice and, without it, we must dismiss the appeal. *Melton v. State*, 177 Ga. App. 134 (1) (338 SE2d 701) (1985). Dismissal is required in spite of the fact of consent given by opposing counsel to the late appeal, as "[p]arties may not give jurisdiction to a court by consent, express or implied, as to the person or subject matter of an action." OCGA § 15-1-2.

2. In an abundance of caution and in keeping with the spirit of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), we have reviewed the record as to substantive error below, and have found none.

*Appeal dismissed. Banke, P. J., concurs. Carley, J., concurs in Division 1 and the judgment.*

DECIDED APRIL 13, 1987 —
REHEARING DISMISSED APRIL 30, 1987 —

*Ivan H. Nathan*, for appellant.
*Glenn Thomas, Jr., District Attorney*, for appellee.