## 77745. BRANTLEY v. THE STATE.
### (379 SE2d 627)

BIRDSONG, Judge.

The appellant Charles W. Brantley brings this appeal from his conviction of the offense of armed robbery. *Held*:

1. The State has moved to dismiss the appeal on the basis that it is untimely. The verdict of guilty was returned on September 9, 1987; sentence was filed the same day; motion for new trial was filed September 25, 1987 and overruled on March 18, 1988.

On April 10, 1988, appellant forwarded a letter to the "Superior Court's Sentence Review Panel" in which he stated: "I was appointed the Public Defender's office to handle the appeal of my conviction and I'm thinking that I understood the Judge to say that they would also handle the appeal of my sentence, through your office—I haven't been able to get any correspondence from my attorney, so I'm in the dark as to where I stand—my question is this—Does my appeal have to be totally exhausted before you all will review me for sentence reduction, or what?"

Appellant's counsel, on May 10, 1988, filed a motion for an out-of-time appeal with the trial court, reciting therein "counsel was appointed to represent Appellant on appeal by [the] court after the thirty days required to file a timely appeal."

A notice of appeal was filed with the trial court on May 24 and the record was docketed in this court on August 22, 1988 without a ruling on the motion for the out-of-time appeal. A supplemental record was filed with our Court on September 13, 1988, containing the order of the trial court denying the out-of-time appeal, which was filed in the trial court on September 12, 1988.

Appellant argues that his appeal should be considered under the mandate of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821). We agree.

*Evitts* held "the Fourteenth Amendment guarantees a criminal appellant pursuing a first appeal as of right certain minimum safeguards necessary to make that appeal 'adequate and effective' . . . among those safeguards is the right to counsel. . . ." Id. at 392. Here,

appellant was advised of his appellate rights and obviously thought the trial court had appointed "the Public Defender's office to handle the appeal of [his] conviction . . . [but he had not] been able to get any correspondence from [his] attorney. . . ."

*Evitts* further stated that "a criminal trial is thus not conducted in accord with due process of law unless the defendant has counsel to represent him. . . . [Id. at 394.] A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Id. at 396. In the instant appeal, appellant was not appointed appellate counsel until after 30 days following denial of the motion for new trial, and the trial court denied appellant's request for an out-of-time appeal.

The State of Georgia recognizes the right to effective assistance of counsel at trial and on first appeal as of right "and has provided for ameliorative relief in the form of an out-of-time appeal." *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342). And, an appellant who is " 'denied effective assistance of counsel in attempting to appeal his conviction . . . (shall) be allowed, if he so desires, to file an out of time appeal to the proper appellate court. . . .' *McAuliffe v. Rutledge*, 231 Ga. 745, 746 (204 SE2d 141)." *Cannon*, supra at 741-742.

This court has, on numerous occasions, out of an "abundance of caution" in interpretation of *Evitts*, supra (*Boothe v. State*, 178 Ga. App. 22, 23 (342 SE2d 9)), in the interest of judicial economy (*Johnson v. State*, 183 Ga. App. 168 (1) (358 SE2d 313)), and "our state policy of deciding cases on the merits whenever possible" (*Johnson v. State*, 182 Ga. App. 477 (1) (356 SE2d 101)) "disapproved of the dismissal of a criminal defendant's first appeal as of right." *Conway v. State*, 183 Ga. App. 573 (1) (359 SE2d 438) (en banc); accord *Hubbard v. State*, 183 Ga. App. 395 (360 SE2d 78); *Clark v. State*, 182 Ga. App. 752 (2) (357 SE2d 109). Accordingly, the State's motion to dismiss the appeal is denied.

2. Appellant enumerates as error the trial court's charge on credibility of witnesses "by making a distinction between appellant's testimony and that of other witnesses' . . . ." The court charged that when a defendant testifies "his testimony is to be weighed, and is to be received the same as that of any other witness, and his credibility [is to be] subjected to the same test as applied to any other witness.

"In other words, when the defendant testifies you don't have to make any special case of that. You just treat it the same as any other witness . . . you look at his credibility the same as you would anyone else. What are the probabilities, the likelihood of him lying under all the circumstances. . . ."

While not expressly approving this latter portion of the charge, we find no reversible error when considering the charge as a whole. The credibility of all witnesses, including the defendant who testifies

in his own behalf, is for the jury under proper instructions from that court. OCGA §§ 24-9-80; 24-9-20 (a). In determining weight and credibility, the jury may consider the interest or want of interest of the witness. See OCGA § 24-4-4; Green's Ga. Law of Evid. 134, § 82; Agnor's Ga. Evid. 70, § 5-6.

Where the defendant's statement is inconsistent with other direct and circumstantial evidence, his explanation may be rejected by the triers of fact. *Green v. State*, 155 Ga. App. 795, 796 (272 SE2d 761); accord *Terry v. State*, 243 Ga. 11 (1) (252 SE2d 429).

Jury instructions must always be viewed as a whole (*Whitt v. State*, 257 Ga. 8 (3) (354 SE2d 116)), and the charge as a whole instructed the jury to consider the appellant's testimony the same as that of any other witness. Accordingly, we find this enumeration to be without merit. *Clark v. State*, 153 Ga. App. 829, 831 (266 SE2d 577).

3. The trial court's pre-trial orientation instruction is alleged to contain an incorrect charge urging the jury to reach a verdict. This court, in *Oliver v. State*, 168 Ga. App. 477 (4) (309 SE2d 627); *Clark v. State*, 141 Ga. App. 257 (1) (233 SE2d 246); and *Decker v. State*, 139 Ga. App. 707 (4) (229 SE2d 520), approved of instructions to the jury after it was empaneled on the modus operandi of a trial. We find the instructions in the present appeal to emphasize only the duty of the jurors to "pay attention to the facts" and "listen to [the] evidence" because the State's evidence and the defendant's evidence would be in apparent conflict and the jurors would be called upon "to analyze the facts" and apply rules the court would give them "in order . . . to reach a verdict." The court cautioned the jurors they were here "to reach a verdict" and that the court would look to them "to tell us what the facts are."

A trial judge may properly admonish a jury as to the propriety and importance of agreeing upon a verdict and may urge them to make reasonable efforts to harmonize their views, emphasizing the time and expense involved in trials, provided care is taken not to suggest a particular verdict or give instructions coercing a juror into abandoning an honest conviction for reasons other than those based upon the trial or arguments of other jurors. *McMillan v. State*, 253 Ga. 520 (4) (322 SE2d 278); *McLendon v. State*, 205 Ga. 55, 67 (52 SE2d 294). We find no error in the instructions given.

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur to bring an end to this case, but it is procedurally defective and our jurisdiction is questionable.

The late notice of appeal is from the judgment of conviction and sentence and there is no appeal from the later order denying the mo-

tion for permission to file an out-of-time appeal. Of course, we could allow the notice to be amended to embrace this ruling, pursuant to OCGA § 5-6-48 (d).

We do not know the reason for the denial, as there is no transcript of the hearing nor any explanation in the order.

The basis for the motion was the allegation that counsel was not appointed until after the appeal time had run. However, it appears that the public defender was appointed to represent defendant on appeal one week after imposition of sentence. The court had told defendant at sentencing that it would have to know within 30 days of sentencing if defendant needed a lawyer appointed so that the court could see "that you have competent counsel to represent you in any appeal."

The court's letter a week later appointed the public defender for "appeal of sentence" as well as for motion for new trial, a preliminary matter. It is not limited either to application for sentence review or to appeal to the Court of Appeals from the sentence as the judgment. This letter is the only evidence of post-conviction appointment in the record.

Appellant so understood the appointment, as he wrote to the sentence review panel that he "was appointed the Public Defender's office to handle the appeal of [his] conviction" and that he understood "they would also handle the appeal of [his] sentence" to the review panel. The public defender pursued a timely motion for new trial but did not file a notice of appeal within 30 days of its denial, as required by OCGA § 5-6-38 (a).

In deciding the merits, we are reversing the trial court's denial of an out-of-time appeal, which would have had to include the conclusion that it was not required as a matter of law. Appellant has not shown that the court erred in this regard. If counsel was remiss in filing the notice of appeal, a claim of ineffective assistance of counsel should be aired in the trial court. *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986); *Thompson v. State*, 257 Ga. 386, 387 (2) (359 SE2d 664) (1987). Our remanding the case would probably serve no useful purpose, however, as it appears that the unexplained delay was not attributable to defendant. See *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985); *Shirley v. State*, 188 Ga. App. 357, 360 (1) (373 SE2d 257) (1988).

Orderly procedure helps to assure and protect both uniform treatment of parties and due process of law. I agree to depart from the rules in this case reluctantly but do so in the hope that this case will be an oddity and that the finality to which both defendant and the public is entitled, Ga. Const. 1983, Art. VI, Sec. IX, will better be served by ruling on the merits.

DECIDED MARCH 8, 1989.

M. Muffy Blue, Penny A. Penn, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Lyn K. Armstrong, Linda S. Finley, Assistant District Attorneys, for appellee.