A90A2034. CARTER v. THE STATE.
(398 SE2d 293)

DEEN, Presiding Judge.

Carnell Carter was convicted of robbery and appeals, asserting the general grounds and the denial of his motion to suppress identification evidence as error. *Held:*

Each of the witnesses who identified appellant at trial had selected his photograph from a pretrial photo lineup, and later picked him from a physical lineup. There is nothing in the record to indicate that the witnesses discussed the lineups among themselves or with law enforcement officers prior to selecting Carter as the man seen leaving the crime scene.

Under *Neil v. Biggers,* 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), a determination that the pretrial identification was not impermissibly suggestive ends the inquiry. *Killens v. State,* 184 Ga. App. 717, 720 (362 SE2d 425) (1987). Even if pretrial procedures were impermissibly suggestive, the trial court would not have erred in denying the motion to suppress unless, as a result of such procedures, there was also a substantial likelihood of irreparable misidentification. *Goswick v. State,* 150 Ga. App. 279, 280 (257 SE2d 303) (1979). In applying the *Neil v. Biggers* test (opportunity to view the defendant, degree of the witness' attention, accuracy of the witness' prior description, level of certainty demonstrated, and the time lapse between the crime and the identification), we find that there was no substantial likelihood of irreparable pretrial misidentification of the defendant by the witnesses, and that the trial court did not err in allowing these identifications into evidence. See also *Thomas v. State,* 176 Ga. App. 53, 57 (335 SE2d 135) (1985).

As the multiple identifications of Carter were properly admitted into evidence and he was identified at trial by the witnesses as the man seen fleeing the crime scene, we find that a rational trier of fact could find him guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 17, 1990.

Donna L. Avans, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Charles W. Smegal, Carl P. Greenberg, Assistant District Attorneys, for appellee.