## A00A2559. JONES v. THE STATE.
(544 SE2d 541)

POPE, Presiding Judge.

On November 30, 1998, Johnny Jones pled guilty to a stop sign violation, obstruction of an officer, a violation of the Georgia Controlled Substances Act, and operating a vehicle after having been declared an habitual violator. Jones was sentenced for these crimes to ten years to serve consecutively to a prior sentence.

Jones did not make application for a sentence review within 30 days. More than six months later, in June 2000, he filed a motion for an out-of-time sentence review. The trial court denied the motion, and Jones appeals.

In his sole enumeration of error, Jones argues that the trial court erred in denying his motion for an out-of-time sentence review. Jones further contends that the court's denial was arbitrary and capricious. Citing OCGA § 17-10-6 and *Brantley v. State*, 190 Ga. App. 642 (379 SE2d 627) (1989), he argues that he was entitled to a sentence review and that a sentence review is a "first appeal" as a matter of right.

We reject Jones' arguments. First, assuming arguendo that OCGA § 17-10-6 even applies to the sentences here,[1] there was no error in the court's denial of the out-of-time motion. Further, *Brantley v. State*, 190 Ga. App. 642 (1), is distinguishable from this case and is not controlling. Contrary to Jones' arguments, nothing in *Brantley* indicates that its pronouncement regarding an appellant's first appeal as of right applies to untimely motions for review of sentences imposed as part of a plea agreement.[2] In this regard, unlike the defendant who appealed his conviction in *Brantley*, Jones does not seek to withdraw his guilty plea. Moreover, although Jones claims that he asked his attorney to file a motion for sentence review on December 23, 1998, there is no ineffective assistance claim so as to mandate remand. See *Holt v. State*, 205 Ga. App. 40, 44 (4) (421 SE2d 131) (1992).

Accordingly, we find no error in the court's denial of Jones' motion.

*Judgment affirmed. Miller and Mikell, JJ., concur.*

---

[1] Although both the court and Jones refer to the prior sentence, the only sentence actually appealed here is the ten-year sentence imposed in this case. There is no record of the other sentence before us. Thus, because the sentence here was ten years and there is no record of the other sentence, it appears that the provisions of OCGA § 17-10-6 would not apply. Nevertheless, during the plea and sentencing the court advised Jones that he could have the "sentence reviewed by the Sentence Review Panel" if he applied within 30 days.

[2] The State does not raise the issue of whether a motion for a sentence review violates the terms of the plea agreement, and thus we do not address this issue either. See *Miller v. State*, 241 Ga. App. 397, 399 (2) (527 SE2d 571) (1999).

DECIDED JANUARY 29, 2001.

Johnny Jones, *pro se.*

Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney, for appellee.

