### A08A1000. WAX v. THE STATE.
(667 SE2d 192)

JOHNSON, Presiding Judge.

A jury found John Denson Wax guilty of driving under the influence of alcohol and failing to maintain his lane. Wax appeals, arguing that the trial court's preliminary instruction to the jury was erroneous. He also claims that trial counsel was ineffective in failing to object to this instruction. For reasons that follow, we affirm.

1. The record shows that Wax was charged with driving under the influence ("DUI") and related offenses arising out of two separate incidents, one occurring on June 28, 2006, and the other on September 26, 2006. Prior to trial, Wax pled guilty to DUI and possessing an open container in connection with the June 2006 incident, and the State dismissed the remaining June 2006 charges. Following the plea and dismissal, only two counts remained against Wax: DUI and failure to maintain lane on September 26, 2006.

Wax proceeded to trial on these two charges. Shortly before trial began, the trial court found Wax's guilty plea to the June 2006 offenses admissible as similar transaction evidence. Anticipating that the plea might be mentioned in opening statements, the court referenced this evidence in its preliminary instructions to the jury. It informed jurors that Wax had previously pled guilty to DUI and that they likely would hear evidence about the prior offense. It also noted that the only charges "on trial" arose from the September 2006 incident. It then explained:

> Now, generally, evidence of other incidents or other offenses is not admissible in a trial because it doesn't tend to prove the guilt or innocence of the person with regard to a different incident. You can't normally say that, well, because a person committed this offense on that date, then he must have also committed the offense on this date. But there is an exception in the law that provides that where one incident is similar enough to another, that it may be admitted if it sheds light on the person's intent, bent of mind and course of conduct. And for that purpose, the evidence of the prior incident on June 28, 2006 will be admitted into evidence in this case for your consideration for those issues only. You can't take that other incident and

say, well, he committed this one, therefore he must've committed the later one. But, you can use that evidence to the extent that it may shed light on the defendant's bent of mind or course of conduct. But, you can't use it for any other purpose.

On appeal, Wax contends that the trial court erred in giving this instruction. His argument does not challenge the specific language used by the trial court. Instead, he claims that by informing the jury at the beginning of trial that he had pled guilty to a prior DUI offense, the trial court deprived him of a fair trial, "tainting the minds of the jurors before they had heard any evidence" and requiring a new trial.

We agree with Wax that the instruction was error. A preliminary charge given before the introduction of evidence generally serves to educate lay persons as to trial procedures and the mechanics of a jury trial.[1] In this case, however, the trial court went beyond that purpose, previewing highly damaging evidence that it expected the State to introduce. By doing so, the trial court apparently sought to educate jurors on the limited use of this evidence, which it thought would be a "major theme" in opening statements. But the prosecutor, not the trial court, is responsible for presenting the State's case to the jury. And despite the trial court's good intentions, its evidentiary preview was fraught with potential prejudice and improper.

Nevertheless, given the circumstances of this case, the error did not harm Wax. Without dispute, the trial court found the similar transaction evidence admissible before trial, a ruling Wax does not enumerate as error. The State introduced testimony about the June 2006 incident, as well as a certified copy of Wax's guilty plea, through its first and only witness. Immediately before jurors heard that evidence, the trial court gave a limiting instruction similar to its preliminary charge. This was, of course, the appropriate time for such a charge. The trial court also reminded jurors about the limited purpose of similar transaction evidence during its final charge, after the close of the evidence.

"The applicable standard for harmless error in jury instructions as applied to criminal cases is whether it is highly probable that the error did not contribute to the verdict."[2] We cannot find that the trial court's preliminary remarks in this case contributed to the verdict. Even absent those remarks, the jury would have learned about Wax's

---

[1] See *Clark v. State*, 141 Ga. App. 257 (1) (233 SE2d 246) (1977); *Decker v. State*, 139 Ga. App. 707, 708-709 (4) (229 SE2d 520) (1976).

[2] (Citation omitted.) *Hardy v. State*, 240 Ga. App. 115, 120 (6) (522 SE2d 704) (1999).

prior DUI conviction during the State's case-in-chief, and the trial court would have instructed jurors regarding the purpose of the evidence.

Moreover, although the trial court possibly infused the similar transaction evidence with greater importance by mentioning it at the preliminary stage, the court explicitly instructed the jury on three separate occasions of its limited use. Before admitting the evidence, the trial court also told jurors that they were to decide whether the prior incident occurred and whether it "shed[ ] any light on [the September 2006] incident in regard to bent of mind and course of conduct."

The trial court fully informed jurors about the use of the similar transaction evidence, as well as their role in assessing it. To the extent the court improperly highlighted the importance of this evidence in the preliminary charge, the error was corrected and rendered harmless.[3] Thus, although the trial court's preliminary instruction was error, that error does not require reversal.[4]

2. In a related argument, Wax contends that he received ineffective assistance of counsel because trial counsel failed to object to the court's preliminary jury charge. To succeed in this claim, however, Wax must demonstrate that counsel's performance was deficient and that the deficiency prejudiced his defense.[5] As found above, the error resulting from the instruction was harmless. Accordingly, Wax cannot show that counsel's failure to object prejudiced him or that counsel was ineffective.[6]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED AUGUST 22, 2008.

*Head, Thomas, Webb & Willis, Peter M. Zeliff*, for appellant.

---

[3] See *Christopher v. State*, 245 Ga. App. 862, 865 (2) (539 SE2d 206) (2000) (alleged error in preliminary instructions regarding the State's burden of proof was harmless given subsequent instructions that properly charged jurors on the State's burden); *Hardy*, supra (in determining whether erroneous charge was harmful, court must consider jury instructions as a whole).

[4] See *Christopher*, supra.

[5] *Rabie v. State*, 286 Ga. App. 684, 686-687 (2) (649 SE2d 868) (2007).

[6] See id. at 687 (because erroneous jury instruction was harmless, trial counsel's failure to object did not prejudice the defense); see also *Butts v. State*, 273 Ga. 760, 771 (30) (546 SE2d 472) (2001) (to support claim that counsel was ineffective in failing to reserve objections to jury charge, defendant must demonstrate reversible error in the charge).

*Charles A. Spahos, Solicitor-General, Joseph L. Stone, Assistant Solicitor-General*, for appellee.