**Mario L. YOUNG, Petitioner,**

v.

**Fred HEAD, Warden, Respondent.**

**No. CIV. A. 1:99CV597TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 22, 2000.

Mario L. Young, Sparta, GA, Pro se.

Paula K. Smith, Mary Beth Westmoreland, Thurbert E. Baker, Herman Maddox Kilgore, Office of State Attorney General, Atlanta, GA, for Respondents.

## ORDER

THRASH, District Judge.

This is a pro se Petition for a Writ of Habeas Corpus. The Court previously entered an Order [Doc. 11] dismissing the petition as time barred pursuant to 28 U.S.C. § 2244(d). It is now before the Court on the Petitioner's Motion for Relief From Judgment [Doc. 13]. The motion raises two issues that warrant discussion.

■ According to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254. This one-year limitation period was added to the statute by the Antiterrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996. Petitioners whose convictions became final before the effective date of the AEDPA were given a grace period to file their federal habeas petitions by April 23, 1997. Petitioner contends that the Court erred by not excluding the time that his sentence review proceeding was pending in calculating the one year limitations period. The Court is unaware of any controlling caselaw on this issue. It seems clear to the Court that an application for sentence review by the Superior Court Sentence Review Panel is not a mechanism for "collateral review with respect to the pertinent judgment." *See* 28 U.S.C. § 2244(d)(2). An application for sentence review in Georgia does not serve as the substitute for an appeal, habeas corpus proceeding, or extraordinary motion for new trial, and cannot serve as the forum to exhaust state court remedies for purposes of federal habeas corpus review. Thus, the pendency of Petitioner's application for sentence review did not toll the one-year period of limitations under 28 U.S.C. § 2244(d)(2).

■ In addition, Petitioner contends that the Court erred in not excluding the 90 days that Petitioner had to apply for a writ of certiorari to the Supreme Court of the United States after the denial of a certificate of probable cause to appeal by the Supreme Court of Georgia. The Court is unaware of any case in which this issue has been addressed by the Eleventh Circuit. The weight of authority in other

circuits is that the 90 period to apply for a writ of certiorari to the Supreme Court of the United States is not excluded in calculating the one limitations period. In *Rhine v. Boone*, 182 F.3d 1153 (10th Cir. 1999), the court held that the limitations period for filing habeas petition was not tolled during the period between final action on the petitioner's application for state postconviction relief and denial of his petition for writ of certiorari by the United States Supreme Court. This case was followed by the Fifth Circuit which held that "[w]e agree with our colleagues in the Tenth Circuit that § 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). "First, unlike § 2244(d)(1)(A), which takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review, § 2244(d)(2) contains no such provision." *Id.* "Second, we also note that judicial efficiency does not require a petitioner to begin federal habeas proceedings until the state conviction becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Id.* "For state post-conviction proceedings, however, the post-conviction application becomes final after a decision by the state's high court. Requesting relief from the Supreme Court is not necessary for prosecuting state habeas relief and is irrelevant to federal habeas jurisdiction." The Court agrees with this analysis. Therefore, the Court did not err in failing to exclude the 90 day period for applying to the United States Supreme Court for certiorari.

For the reasons set forth above, the Petitioner's Motion for Relief From Judgment [Doc. 13] is DENIED. The motion does, however, raise two issues that have not been addressed by the Eleventh Circuit. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure and 28 U.S.C. §§ 1915(a)(3) and 2253(c), the Motion for Certificate of Appealability [Doc. 16] is GRANTED. The Court cannot certify that the appeal is not taken in good faith. The Motion for a Certificate of Appealability granted on the issues of (1) whether the pendency of Petitioner's application for sentence review tolled the one-year period of limitations under 28 U.S.C. § 2244(d)(2), and (2) whether the Court erred in not excluding the 90 days that Petitioner had to apply for a writ of certiorari to the Supreme Court of the United States after the denial of a certificate of probable cause to appeal by the Supreme Court of Georgia.