[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 01-12138
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 06, 2002
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00044-CV-WLS-1

CASEY BRIDGES,

Petitioner-Appellant,

versus

CURTIS JOHNSON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____
**(March 6, 2002)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Casey Bridges, a pro se Georgia state prisoner, appeals the district court's

dismissal of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as

barred by the one-year statute of limitations of the Anti-Terrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996). We granted a certificate of appealability on one issue:

> Whether the district court correctly determined that appellant's federal habeas corpus petition was untimely under the one-year statute of limitations provision in the [AEDPA].

Bridges argues that the statute should have been tolled during the pendency of his application for sentence review under Georgia Code § 17-10-6, and therefore, that his federal habeas petition was timely filed.

This Court reviews de novo the district court's determination that a petition for federal habeas corpus relief was time-barred under 28 U.S.C. § 2244(d). See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). After thorough review of the pleadings, the record, and the parties' briefs, we find no reversible error and affirm.

The facts pertaining to the timeliness of Bridges's habeas petition are straightforward. Bridges pled guilty to terroristic threats, aggravated assault and stalking charges, and was sentenced to 26 years' imprisonment on November 21, 1996. He did not appeal his convictions and sentences, but he did request that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6. He applied to the sentence review panel in December 1996, and the panel denied his application on June 13, 1997. On January 15, 1998, Bridges filed a state habeas petition that was ultimately denied by the Georgia Supreme Court on

2

February 14, 2000. Bridges filed the instant federal habeas petition on March 7, 2000.

Adopting the magistrate judge's Report and Recommendation, the district court dismissed Bridges's federal habeas petition as time-barred. Under the AEDPA, a one-year period of limitations applies to a petition for a writ of habeas corpus filed by a person in state custody, and the limitations period begins to run from "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2). In dismissing Bridges's habeas petition, the district court concluded that an application for sentence review under O.C.G.A. § 17-10-6 is not "post-conviction or other collateral review" as contemplated by § 2244(d)(2), and thus, does not toll the statute of limitations period.

As the facts reveal, Bridges filed his initial habeas petition after applying to the state sentence review panel, and over one year after the date on which his judgment became final. As provided in 28 U.S.C. § 2244(d)(1)(A), his judgment

3

became final on the date that the time for seeking direct review expired; this date was not affected by his application for sentence review, because an application for sentence review is not a part of the direct appeal process under Georgia law. See Jones v. State, 544 S.E. 2d 541, 542 (Ga. Ct. App. 2001) (rejecting the defendant's contention that "a sentence review is a 'first appeal' as a matter of right"); see also Murphy v. Balkcom, 262 S.E. 2d 784, 785 (Ga. 1980) (recognizing a distinction between an appeal as of right and an application to the sentence review panel). Accordingly, Bridges's judgment of conviction became final on December 21, 1996, the date on which his 30-day right to appeal the November 21, 1996 judgment expired.

Because he did not file for state habeas relief until over one year after his judgment of conviction became final, Bridges's petition for federal habeas relief would have been timely only if his application for sentence review under O.C.G.A. § 17-10-6 is the type of post-conviction remedy that tolls the AEDPA's statute of limitations.[1] This Court has previously affirmed without opinion a district court's

---

[1] It is not disputed that the filing of a state habeas petition tolls the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). In this case, however, Bridges's state habeas petition was filed after the one-year limitation period for federal habeas relief had expired; as a result, the time during which the state courts reviewed his state habeas petition did not toll the federal limitations period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (holding that a state court petition filed after the expiration of the AEDPA's one-year limitations period cannot toll that period "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000).

determination that an application for sentence review made pursuant to O.C.G.A. § 17-10-6 does not toll the § 2244(d) statute of limitations, since an application for sentence review "is not a mechanism for 'collateral review with respect to the pertinent judgment.'" Young v. Head, 89 F. Supp. 2d 1370, 1370 (N.D. Ga. 2000), aff'd, 247 F.3d 247 (11th Cir. 2001) (Table).

Indeed, recent Supreme Court precedent when read together with the applicable Georgia Code provisions strongly supports this conclusion. In Duncan v. Walker, __ U.S. __, 121 S. Ct. 2120, 2127-28, 150 L. Ed. 2d 251 (2001), where the Supreme Court held that an application for federal habeas corpus review does not toll the § 2244(d) limitations period, the Court stated that the goals of the AEDPA provisions include: (1) ensuring "that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment," and (2) serving "the well-recognized interest in the finality of state court judgments." The Court continued: "The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period," in that it allows only the filing of state habeas corpus petitions to toll the limitations period. Id. at 2128. The sentence review process, under O.C.G.A. § 17-10-6, however, does not qualify as state post-conviction relief under 28 U.S.C. § 2244(d) because it does

not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing the time in which federal review is sought.

On the contrary, the Georgia Code provides that the sentence review panel's sole task is to determine whether the sentence or sentences are excessively harsh, based only on "the nature of the crime for which the defendant has been convicted and . . . the defendant's prior criminal record." O.C.G.A. § 17-10-6(a). The statute also provides that sentence review is available only to those Georgia state prisoners who have been sentenced to more than 12 years in prison. See id. The statute further provides that the panel does not issue written opinions and may not increase or completely eliminate a sentence, and that a panel's decision is not reviewable. See id. § 17-10-6 (c), (d).

Because the above provisions of O.C.G.A. § 17-10-6 reveal that an application for sentence review is merely a means for comparing sentences to ensure accuracy, viewing it as a means to toll the limitations period would not enhance exhaustion of state review or finality of state court judgments. Therefore, we agree with the district court's conclusion that sentence review does not qualify under the statute as "State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), and does not toll the § 2244(d) limitations period. As the district court

correctly observed, "sentence review is not an attack on the constitutionality or legal correctness of a sentence or judgment in contrast to a direct appeal or habeas action." See also Young, 89 F. Supp. 2d at 1370 (finding that an application for sentence review "does not serve as the substitute for an appeal, habeas corpus proceeding, or extraordinary motion for new trial, and cannot serve as the forum to exhaust state court remedies for purposes of federal habeas corpus review").[2]

In short, we conclude that the district court properly determined that an application for sentence review does not affect a defendant's post-conviction remedies and thus does not toll the one-year limitations period, and that the district court properly found that Bridges's § 2254 petition was time-barred.[3]

**AFFIRMED.**

---

[2]Moreover, the Georgia Supreme Court has acknowledged that an application for sentence review is separate from a habeas corpus petition. See Saleem v. Forrester, 424 S.E. 2d 623, 623 (Ga. 1993) ("[T]he exclusive means for seeking review of that sentence, after review by the sentence review panel and after direct appeal, is through a petition for a writ of habeas corpus under the procedures set forth in O.C.G.A. § 9-14-40 et seq.").

[3]Bridges also argues that if this Court holds that an application for sentence review does not toll the AEDPA statute of limitations, then this rule should not be applied to him because that would constitute a retroactive application of new law, and more broadly, he argues that AEDPA should not be applied to him because it is an unsound law and an "absurd" limitation on the writ of habeas corpus. We find these arguments unpersuasive. First, the holding in this case does not involve a new rule of constitutional law, and thus its applicability to the instant case is without question. See Teague v. Lane, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075, 103 L. Ed. 2d 334 (1989). Second, we have held that "as a general matter, the § 2244(d) limitations period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus." Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1217 (11th Cir. 2000) (internal citations omitted).