Khalil KHOLI, Petitioner, Appellant,

v.

A.T. WALL, Respondent, Appellee.

No. 08–1159.

United States Court of Appeals, First Circuit.

Heard July 29, 2009.

Decided Sept. 23, 2009.

149

Judith H. Mizner, Assistant Federal Public Defender, for petitioner.

Christopher R. Bush, Special Assistant Attorney General, with whom Patrick C. Lynch, Attorney General, was on brief, for respondent.

Before TORRUELLA, SELYA and DYK,* Circuit Judges.

SELYA, Circuit Judge.

This appeal presents a question of first impression in this circuit. It turns on the correct interpretation of the tolling provision, 28 U.S.C. § 2244(d)(2), established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214.

The problem is easily explained. The court below held that a state-court post-conviction motion to reduce an imposed sentence, in the nature of a plea for discretionary leniency, did not fall within the scope of the tolling provision. Accordingly, the court dismissed the federal habeas petition as time-barred.

Although the question presented is one of novel impression in this circuit, four other courts of appeals have answered essentially the same question, with mixed results. Three have held that a state post-conviction motion in the nature of a plea for discretionary leniency does not give rise to tolling; the fourth has held the opposite. For the reasons that follow, we conclude that the filing of a state post-conviction motion to reduce an imposed sentence, in the nature of a plea for discretionary leniency, tolls the AEDPA's limitations period. Consequently, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

We rehearse the factual and procedural antecedents of this appeal insofar as necessary to place the crucial issue into perspective.

In December of 1993, a Rhode Island jury convicted petitioner-appellant Khalil Kholi on ten counts of first-degree sexual assault. See R.I. Gen. Laws § 11–37–2. The charges arose out of the alleged molestation of his two step-daughters. A judge of the state superior court sentenced the petitioner to two terms of life imprisonment, consecutive to one another. The state supreme court affirmed the conviction on February 29, 1996. State v. Kholi, 672 A.2d 429 (R.I.1996).

The petitioner did not move for rehearing, nor did he seek a writ of certiorari in the United States Supreme Court. Instead, he returned to the trial court and, on May 16, 1996, filed a motion to reduce his sentence pursuant to Rhode Island Superior Court Rule of Criminal Procedure 35(a).[1] The trial judge denied that motion

* Of the Federal Circuit, sitting by designation.
1. The rule provides in pertinent part:
The court ... may reduce any sentence when a motion is filed ... within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal.... The court shall act on the motion within a reasonable time, provided that any delay by the court in ruling on the motion shall not prejudice the movant.

on August 27, 1996, and the state supreme court affirmed. *State v. Kholi*, 706 A.2d 1326 (R.I.1998). That ruling was handed down on January 16, 1998.

While the appeal from the denial of the Rule 35(a) motion was pending, the petitioner, citing ineffective assistance of counsel, applied for post-conviction relief (PCR) in the trial court. *See* R.I. Gen. Laws § 10–9.1–1 *et seq.* The application was docketed on May 23, 1997 and denied almost six years later (on April 23, 2003). The state supreme court affirmed that ruling on December 14, 2006. *Kholi v. Wall*, 911 A.2d 262 (R.I.2006).

On October 18, 2005—shortly before the state supreme court resolved the appeal from the denial of the original PCR application—the petitioner filed a second PCR application. This entreaty, which remains pending, alleged that the state had improperly calculated the date when he would become eligible for parole.

On September 5, 2007, the petitioner, appearing pro se, repaired to the federal district court in search of habeas relief. He named as respondent A.T. Wall, the director of the Rhode Island Department of Corrections. The respondent moved to dismiss the federal habeas petition on timeliness grounds.

The district judge referred the motion to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b)(1). In a report and recommendation dated December 12, 2007, the magistrate judge embraced the majority view and concluded that a sentence reduction motion, in the nature of a plea for discretionary leniency, did not toll the AEDPA's limitations period. Absent such tolling, he regarded the habeas petition as untimely and thus recommended that it be dismissed.

On de novo review, the district judge adopted the report and recommendation and entered judgment accordingly. *Kholi v. Wall*, No. 07–346, 2008 WL 60194, at *1 (D.R.I. Jan.3, 2008). The district judge appended the magistrate judge's report and recommendation to his summary order.[2] The district judge subsequently rejected the petitioner's request for a certificate of appealability (COA).

The petitioner proceeded to ask this court for a COA. We granted the COA and appointed counsel. *Kholi v. Wall*, No. 08–1159 (1st Cir. Aug. 22, 2008) (unpublished order). After full briefing and oral argument, the case is now ripe for decision.

## II. ANALYSIS

■ Where, as here, the district court has dismissed a habeas petition on a procedural ground without taking evidence, we afford de novo review. *Wood v. Spencer*, 487 F.3d 1, 3 (1st Cir.2007).

■ In this case, the petitioner's state-court conviction became final on May 28, 1996, when his time for requesting a writ of certiorari elapsed.[3] *See Jiménez v.*

---

R.I.Super. Ct. R.Crim. P. 35(a). Although portions of the same rule authorize the superior court to correct illegal sentences and sentences imposed in an illegal manner, those provisions were not invoked by the petitioner's motion.

2. Due to this elision, we do not hereafter distinguish between the district judge and the magistrate judge but, rather, take an institutional view and refer to "the district court."

In the same spirit, we refer to the combined order and adopted report as "D. Ct. Op."

3. In the court below, the state asserted that the conviction became final on June 12, 1996. This assertion rested on the mistaken premise that the time for seeking a writ of certiorari began to run only after the period for requesting reargument before the state supreme court had expired. The district court accepted the state's assertion without apparent in-

*Quarterman,* — U.S. ——, 129 S.Ct. 681, 685, 172 L.Ed.2d 475 (2009); *see also* Sup. Ct. R. 13 (indicating that a party has ninety days from entry of judgment to request a writ of certiorari). Thus, the one-year period for seeking federal habeas relief began to run on that date. 28 U.S.C. § 2244(d)(1)(A).

There is no dispute that this one-year period was interrupted from May 23, 1997, through December 14, 2006, due to the pendency of the first (1997) PCR application. *See id.* § 2244(d)(2). Unless some other tolling mechanism is in play, however, the one-year period expired on December 19, 2006—more than eight months before the petitioner first sought federal habeas relief.

In this venue, the petitioner argues that both his second PCR application and his Rule 35(a) motion constituted tolling mechanisms. If this argument is even partially correct (that is, if either of these filings served to toll the limitations period), the federal habeas petition would be timely.[4] Accordingly, we inquire as to the effect of each filing.

## A. *The 2005 PCR Application.*

■ Although the petitioner failed to mention the 2005 PCR application in the district court, we may in our discretion afford him some latitude because he was then incarcerated and proceeding pro se. *See, e.g., Raineri v. United States,* 233 F.3d 96, 97 (1st Cir.2000); *Prou v. United States,* 199 F.3d 37, 42 (1st Cir.1999). Because the outcome is clear, we elect to address the merits of this argument.

■ Our analysis begins and ends with the language of the AEDPA's tolling provision. By its terms, that provision applies to state post-conviction filings directed to "the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). In a typical habeas case, then, the tolling provision applies only to those state post-conviction filings that seek reexamination of the relevant state-court conviction or sentence. *See Rodríguez v. Spencer,* 412 F.3d 29, 37 (1st Cir.2005) (holding that motion addressed to state appellate court's supervisory powers did not toll the period for seeking federal habeas relief because, under state law, that motion could not affect the judgment of conviction); *Voravongsa v. Wall,* 349 F.3d 1, 6–7 (1st Cir.2003) (holding, for the same reason, that motion for appointment of counsel does not toll the period for filing a federal habeas petition); *Hodge v. Greiner,* 269 F.3d 104, 107 (2d Cir.2001) (holding, for the same reason, that discovery-related proceeding has no tolling effect).

The 2005 PCR application does not seek to alter (or even to reexamine) the judgment entered in the underlying criminal case. That application challenges only the proposed date of the petitioner's parole eligibility. Consequently, it does not bear a sufficient relationship to the pertinent judgment so as to trigger the tolling provision. The upshot, then, is that the 2005 PCR application is devoid of any effect on the limitations period within which the petitioner had to seek federal habeas relief. *See Rodríguez,* 412 F.3d at 37.

## B. *The Rule 35(a) Motion.*

The petitioner's second tolling argument requires more discussion. The district court determined that his post-conviction motion under Rhode Island Superior Court Rule of Criminal Procedure 35(a) did not

---

quiry. D. Ct. Op., 2008 WL 60194, at *2. This bevue is of no consequence here.

4. For the reader's convenience, we attach as an appendix a time line setting forth the relevant dates.

toll the AEDPA's limitations period because that motion did not challenge the validity of the pertinent conviction or sentence but, rather, amounted to nothing more than a naked plea for leniency. D. Ct. Op., 2008 WL 60194, at *3–4. The district court's view has impressive support in the case law. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir.2008); *Hartmann v. Carroll*, 492 F.3d 478, 483–84 (3d Cir.2007); *Walkowiak v. Haines*, 272 F.3d 234, 239 (4th Cir.2001). But the case law is not uniform; one court of appeals has arrived at the opposite conclusion. *See Robinson v. Golder*, 443 F.3d 718, 720–21 (10th Cir.2006). It is against this chiaroscuro backdrop—a circuit split—that we approach the question presented by this appeal.

■ We start by noting our agreement with the district court's characterization of the petitioner's Rule 35(a) motion as a plea for leniency, simpliciter. *See State v. Mendoza*, 958 A.2d 1159, 1161 (R.I.2008); *see also supra* note 1. This court has not yet addressed whether a sentence reduction motion, in the nature of a plea for discretionary leniency, may serve as a tolling mechanism in connection with the AEDPA's limitations period.[5] As said, three courts of appeals have answered this same general question in the negative (we use the descriptor "general" because, in each situation, the state rule or statute that served as the vehicle for the plea for leniency reflected minor variations peculiar to practice in that state). A fourth court, however, has answered the same general question in the affirmative. We must, therefore, weigh these conflicting

authorities and decide whether the petitioner's Rule 35(a) motion tolled the period within which he could seek federal habeas relief.

Answering this question, like answering any question that hinges on statutory construction, begins with the text of the particular statute. *In re Hill*, 562 F.3d 29, 32 (1st Cir.2009). Here, the statute provides for tolling during the pendency of motions that seek "State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). We must give these words "their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." *Williams v. Taylor*, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (internal quotation marks omitted).

Plain meaning strongly favors the petitioner's position. For purposes of this case, the "pertinent judgment" is the petitioner's sentence. *See, e.g., Howard v. Ulibarri*, 457 F.3d 1146, 1148 (10th Cir. 2006) (giving tolling effect to motion that related only to sentencing as opposed to validity of conviction); *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir.2001) (same). The Rule 35(a) motion is obviously a motion that seeks state post-conviction review of that sentence. After all, a sentence cannot be reduced without first being reexamined (*i.e.*, reviewed). On its face, then, the language of section 2244(d)(2) appears roomy enough to accommodate sentence reduction motions.

To be sure, a sentence reduction motion in the nature of a plea for discretionary

5. The respondent notes that in *Rodríguez*, 412 F.3d at 36, we cited *Bridges v. Johnson*, 284 F.3d 1201 (11th Cir.2002). This is a red herring: although the *Bridges* court denied tolling effect to a post-conviction plea for discretionary leniency, *id.* at 1203–04, *Rodríguez* cited *Bridges* only to illustrate the uncontr-

oversial point that courts had not held that all post-conviction motions toll the AEDPA's limitations period. The mere fact that a court cites a case approvingly for one point does not imply the court's wholesale acceptance of each and every proposition for which the cited case stands.

leniency does not challenge the *legality* of the sentence. But there is nothing in the language of section 2244(d)(2) that limits tolling—or that even hints at limiting tolling—to motions that challenge the legal basis of the pertinent judgment. In this regard, we deem it significant that, in drafting section 2244(d)(2), Congress employed the expansive term "review" instead of a more confining term (such as "challenge"). The latter terminology would have been a natural fit had Congress wished to focus the tolling provision more narrowly.

In contrast, "review" commonly denotes "a looking over or examination with a view to amendment or improvement." Webster's Third New International Dictionary 1944 (2002); *see also* Black's Law Dictionary 1345 (8th ed.2004) (defining "review" as the "[c]onsideration, inspection, or reexamination of a subject or thing"). Taking into account this quotidian understanding, it seems self-evident that a motion for a sentence reduction in the nature of a plea for discretionary leniency is a motion that seeks post-conviction "review" of a sentence and, thus, is a motion that falls squarely within the plain meaning of section 2244(d)(2).

We are mindful that three of our sister circuits have concluded that pleas for leniency do not trigger the AEDPA's tolling provision. These courts have relied on two different lines of reasoning to reach that result.

The first line of reasoning embodies a textual approach. This approach, employed by the Fourth Circuit, holds that the statutory phrase "State post-conviction or other collateral review" contemplates only *"collateral,* post-conviction review." *Walkowiak,* 272 F.3d at 236 (emphasis in original). Based on that understanding, the court concludes that a motion for leniency filed under West Virginia Rule of Criminal Procedure 35(b) does not qualify as a tolling mechanism because such a motion is not "collateral"; that is, the motion is filed in the original criminal case before the trial judge and does not challenge the validity of the conviction or sentence. *Id.* at 237–39.

We do not believe that the *Walkowiak* line of reasoning can withstand close scrutiny. On its face, the court's reading of the statute seems linguistically incorrect. Conflating the two halves of the phrase "State post-conviction or other collateral review" to mean exclusively "collateral, post-conviction review" reads the word "or" completely out of the statute. Hence, that conflated construction transgresses the rule against superfluities—the rule that instructs a court, in undertaking the interpretation of a statute, to give meaning whenever possible to every word and phrase in a statute's text. *See Hibbs v. Winn,* 542 U.S. 88, 101, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004); *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001); *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979).

This conflation is particularly misleading because the most natural reading of the phrase "or other collateral review" *expands* the scope of the tolling provision to cover the entire gamut of state judicial procedures that are available for testing the pertinent conviction or sentence. That remains true regardless of whether such procedures carry a specific label. *See Duncan,* 533 U.S. at 177, 121 S.Ct. 2120.

The plain meaning of the statute is not altered by the fact that a post-conviction motion is not "collateral," that is, that the motion is filed in the original criminal case. For example, we have held that a motion for a new trial filed in the original case and heard by the trial judge is an appropriate mechanism for tolling under section

2244(d)(2). *See Neverson v. Bissonnette,* 261 F.3d 120, 124 (1st Cir.2001); *Gaskins v. Duval,* 183 F.3d 8, 9–10 (1st Cir.1999) (per curiam).

■■ So, too, the fact that a post-conviction motion is of a type usually heard by the trial judge does not disqualify it as a vehicle for tolling. Thus, a PCR application under Rhode Island General Laws § 10–9.1–1 (Rhode Island's standard vehicle for post-conviction relief) may act as a tolling mechanism even though that application, by rule, is assigned to the original trial judge. *See Pezzucco v. State,* 652 A.2d 977, 979 (R.I.1995) (per curiam) (citing R.I.Super. Ct. Standing Order No. 91–22(II)(D)(3)). Indeed, the petitioner's first PCR application was filed under this statute, and the respondent concedes that this application should be accorded tolling effect. *See* Appellee's Br. at 6. We therefore reject the Fourth Circuit's textual analysis.[6]

The other two courts that have refused to give tolling effect to a plea for leniency have reached that result by interpreting section 2244(d)(2) in light of the AEDPA's discerned purposes. Those courts have noted (correctly, we think) that the AEDPA serves dual purposes: encouraging the exhaustion of state remedies and safeguarding the finality of state-court judgments. Because neither of these interests is advanced by tolling the AEDPA's limitations period during the pendency of a plea for leniency, they have refused to give tolling effect to such motions. *See Alexander,* 523 F.3d at 1297; *Hartmann,* 492 F.3d at 483–84. We find this reasoning unconvincing.

In determining the meaning of a statutory provision, it is appropriate to consider the structure and purpose of the larger statute. *See, e.g., McKenna v. First Horizon Home Loan Corp.,* 475 F.3d 418, 423 (1st Cir.2007). The Supreme Court has indicated that Congress enacted the AEDPA "to further the principles of comity, finality, and federalism." *Williams,* 529 U.S. at 436, 120 S.Ct. 1479. Seen in this light, it is readily apparent that the AEDPA's one-year limitations period is aimed at protecting the states' interest in the finality of state judgments. *See Duncan,* 533 U.S. at 179, 121 S.Ct. 2120; *see also* 28 U.S.C. § 2244(d)(1).

■ Withal, that interest is not absolute. If it were, the AEDPA would not contain any tolling provision. In the last analysis, the interest in safeguarding finality is tempered by principles of comity and federalism embedded not only in the tolling provision itself, but also in the AEDPA's exhaustion requirement, 28 U.S.C. § 2254(b).

■ The exhaustion requirement gives state courts the initial opportunity to correct errors otherwise cognizable in federal habeas proceedings. *Duncan,* 533 U.S. at 179, 121 S.Ct. 2120; *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This requirement works hand in hand with the tolling provision, which encourages state prisoners to avail themselves of state remedies before resorting to a federal forum. *See* H.R.Rep. No. 104–23, at 9 (1995) (indicating that the AEDPA will "preserv[e] the availability of

---

**6.** We note that even if the tolling provision is conflated to apply only to applications for *collateral* review-an interpretation that we reject—the petitioner's Rule 35(a) motion would likely qualify. The word "collateral" describes matters that are "[s]upplementary" or "accompanying, but secondary and subor-

dinate to." Black's Law Dictionary, *supra,* at 278. The petitioner's Rule 35(a) motion, as we discuss in further detail *infra,* initiated proceedings that were supplementary to the underlying criminal case (the judgment in which became final independent of the Rule 35(a) motion).

[federal habeas] review when a prisoner diligently pursues state remedies"). The tolling provision accomplishes this objective by freezing the limitations period for bringing a federal habeas petition. *Duncan*, 533 U.S. at 179–80, 121 S.Ct. 2120.

If recognizing tolling for a sentence reduction motion in the nature of a plea for discretionary leniency somehow flouted the exhaustion requirement, there might be reason to think that treating such a motion as a tolling device would contradict congressional intent. But that is not the case; recognizing tolling for a plea for discretionary leniency does not insult the exhaustion requirement. By definition, a state-court sentence reduction motion in the nature of a plea for discretionary leniency does not present a claim premised on an error of federal law. Thus, the filing of such a motion implicates no claim that is susceptible of exhaustion.

To be sure, the Supreme Court has emphasized the nexus between tolling and exhaustion. *See, e.g., id.* at 179, 121 S.Ct. 2120. The Court, however, has said nothing to suggest that tolling is available only for state filings mandated by the exhaustion requirement. To the contrary, the Court has stated that the AEDPA's tolling provision encourages the pursuit of *"all* available state remedies." *Id.* at 180, 121 S.Ct. 2120 (emphasis supplied). This broad statement would seem to encompass pleas for leniency.

In all events, it cannot be a valid objection to tolling that a state post-conviction motion presents only state-law claims and, thus, does not implicate the exhaustion requirement. The case law makes pellucid that tolling may be available even in situations in which the exhaustion requirement is not directly implicated. *See, e.g., Cowherd v. Million*, 380 F.3d 909, 913–14 (6th Cir.2004) (en banc); *Ford v. Moore*, 296 F.3d 1035, 1038–40 (11th Cir.2002) (per curiam); *Carter v. Litscher*, 275 F.3d 663, 665–66 (7th Cir.2001); *Tillema*, 253 F.3d at 498–502. The Third Circuit's "purpose" analysis in effect treats exhaustion and tolling as mirror images. *Hartmann*, 492 F.3d at 484. But that is a distortion. These concepts are separate and distinct, *see Cowherd*, 380 F.3d at 914; *Carter*, 275 F.3d at 666, and they play disparate (though related) roles in the AEDPA scheme.

To cinch matters, even though there is no constitutional claim to exhaust, principles of comity and federalism support tolling while a state prisoner pursues a motion for a sentence reduction. After all, such a motion initiates a separate post-conviction proceeding, which carries with it a concomitant right to appeal. *See, e.g., State v. Day*, 925 A.2d 962, 985 (R.I.2007). Absent tolling, federal habeas courts would be faced with the unseemly prospect of reviewing state-court convictions while parallel proceedings were still ongoing in state court. That would be antithetic to the design that Congress had in mind. *See Currie v. Matesanz*, 281 F.3d 261, 267 (1st Cir.2002); *see also Tillema*, 253 F.3d at 502.

To make matters worse, a rule that deprives a motion for leniency of any tolling effect would encourage the filing of protective habeas petitions—petitions that may prove to be either unnecessary or inauspiciously framed. The granting of a motion for leniency might well eliminate the incentive for seeking federal habeas review at all (as would be true, say, if the motion were granted and the sentence reduced to time served). *See, e.g., Carter*, 275 F.3d at 665; *Tillema*, 253 F.3d at 501. By like token, the outcome of a federal habeas proceeding might be altered by the state court's determination (as would be true, say, if a habeas petition was premised on a claim of ineffective assistance of counsel at

sentencing and the sentence-reduction motion was granted with respect to ensuing sentence).

We come full circle. While we recognize that tolling always is at cross purposes with safeguarding the finality of state-court judgments, Congress deliberately inserted a tolling provision for state prisoners' claims into the AEDPA's text. The plain meaning of that provision indicates that a state post-conviction motion for a sentence reduction, in the nature of a plea for discretionary leniency, comes within the statutory sweep. Furthermore, a fair balancing of the competing policies that inform the AEDPA supports tolling during the pendency of such a motion.

To say more would be to paint the lily. We hold that a state post-conviction motion to reduce an imposed sentence that seeks purely discretionary leniency and does not challenge the validity of the conviction or sentence acts as a tolling mechanism within the purview of 28 U.S.C. § 2244(d)(2). Thus, the petitioner's Rule 35(a) motion constituted a request for "State post-conviction or other collateral review" within the meaning of the AEDPA. So viewed, his federal habeas petition was timely filed and improvidently dismissed.

## III. CONCLUSION

We need go no further. For the reasons elucidated above, we reverse the order of dismissal and remand the matter to the district court for further proceedings.

*Reversed and remanded.*

### APPENDIX

December 15, 1993—petitioner is convicted in Rhode Island Superior Court.

February 28, 1994—petitioner is sentenced to two consecutive terms of life imprisonment.

February 29, 1996—conviction affirmed. *See State v. Kholi,* 672 A.2d 429 (R.I.1996).

May 16, 1996—Rule 35(a) sentence reduction motion filed.

August 27, 1996—Superior Court denies Rule 35(a) motion.

May 23, 1997—first PCR application filed.

January 16, 1998—denial of Rule 35(a) motion affirmed. *See State v. Kholi,* 706 A.2d 1326 (R.I.1998).

April 23, 2003—first PCR application denied.

October 18, 2005—second PCR application filed.

December 14, 2006—denial of first PCR application affirmed. *See Kholi v. Wall,* 911 A.2d 262 (R.I.2006).

September 5, 2007—petition for federal habeas relief filed.