10-2331-pr
Collins v. Ercole

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

August Term 2011

(Argued: August 31, 2011            Decided: January 26, 2012)

No. 10-2331-pr

_____

ARVIN COLLINS,
*Petitioner-Appellant,*


-v.-


ROBERT ERCOLE, Superintendent,
*Respondent-Appellee.*

_____

Before:      LIVINGSTON, LOHIER, and CARNEY, *Circuit Judges.*

Petitioner-Appellant Arvin Collins ("Petitioner") appeals from a judgment and order of the United States District Court for the Southern District of New York (Hellerstein, *J.*) granting Respondent-Appellee Robert Ercole's motion to dismiss Petitioner's petition for a writ of habeas corpus as untimely. Petitioner contends that the district court erred by declining to hold the statute of limitations tolled by certain post-conviction motions filed by Petitioner. Finding no error in the district court's conclusion that those motions did not toll the limitations period, we AFFIRM.


MALVINA NATHANSON, Law Offices of Malvina Nathanson, New York, NY, *for Petitioner-Appellant.*

CHRISTOPHER J. BLIRA-KOESSLER (Joseph N. Ferdenzi, *on the brief*), Assistant District Attorney, *for* Robert T. Johnson, District Attorney, Bronx County, Bronx, NY, *for Respondent-Appellee.*

LIVINGSTON, *Circuit Judge*:

In 2001, Petitioner-Appellant Arvin Collins ("Petitioner") was convicted of murder and attempted murder in New York state court. In 2005, Petitioner's 2001 judgment of conviction became final, following the conclusion of direct review. Between 2005 and 2008, Petitioner brought several post-conviction motions in state court. In 2008, Petitioner filed a federal petition for a writ of habeas corpus regarding the 2001 judgment of conviction. The district court (Hellerstein, *J*.) dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1).

On appeal, Petitioner contends that the district court erred by holding that certain of his state applications for post-conviction relief had not tolled the governing one-year statute of limitations under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2), however, limits tolling to those applications for post-conviction or other collateral review that are made "with respect to the pertinent judgment"—here, the 2001 conviction and sentence. The applications at issue in this appeal were directed neither to the 2001 conviction nor to the sentence imposed thereon; they concerned only a post-conviction administrative determination that the 2001 sentence ran consecutively (rather than concurrently) to an earlier undischarged prison term. We hold, therefore, that those applications did not toll the statute of limitations, and affirm the judgment of the district court.

## BACKGROUND

This appeal arises from the dismissal of a petition for a writ of habeas corpus. In resolving the present appeal, however, we must begin with another, earlier conviction and prison term. In 1988, Petitioner was convicted of first-degree robbery in state court and sentenced to an indeterminate prison term of seven to fourteen years. He was released on parole in 1996; in 1999, he was arrested again, this time for murder. In 2001, Petitioner pled guilty to two counts of second-degree murder and one count of second-degree attempted murder.

The court imposed two terms of twenty-five years to life for the two counts of murder, pursuant to New York State Penal Law § 70.00. Because of Petitioner's previous robbery conviction, the attempted murder counted as a second violent felony under New York law, and the court imposed a sentence of twenty-five years under Penal Law § 70.04. The trial court imposing sentence in 2001 directed that these three terms were to run *concurrently*. Where, however, a sentence is imposed pursuant to § 70.04 on an individual who is subject to a prior undischarged prison term, that sentence must run *consecutively* to the previous term. N.Y. Penal Law § 70.25(2-a). Therefore, the New York State Department of Correctional Services (DOCS), in calculating the total period of incarceration, determined that the undischarged portion of the

3

robbery prison term should be added to the 2001 sentence, minus the two years served by Petitioner between his second arrest and second sentencing.

Petitioner appealed his conviction to the Appellate Division, First Department, which affirmed in October 2004. The Court of Appeals denied leave to appeal on December 27, 2004. Petitioner did not petition for certiorari to the U.S. Supreme Court, and the ninety-day period in which he was entitled to do so expired on March 28, 2005. The following day, therefore, the one-year statute of limitations for filing a habeas petition began to run. *See* 28 U.S.C. § 2244(d)(1).

Between March 28, 2005 and the filing in 2008 of his habeas petition,[1] Petitioner filed a number of state post-conviction motions. His first filing was a petition under New York Civil Practice Law and Rules Article 78, claiming that DOCS's determination that the 1988 and 2001 sentences ran consecutively was contrary to law; he also later filed a motion to renew that petition. Petitioner additionally filed a motion under New York Criminal Procedure Law § 440.10 to vacate his conviction, and he filed two motions under § 440.20 to set aside his sentence. The first of the two § 440.20 motions also requested in the alternative that Petitioner be allowed to withdraw his guilty plea and stand trial.

---

[1] The parties dispute whether the habeas petition was filed on May 23, 2008 or September 30, 2008. We need not and do not resolve this issue here.

4

Petitioner's 2008 habeas corpus petition alleged that he had received ineffective assistance of counsel, and that the evidence supporting his conviction was tainted by various alleged violations of Petitioner's Fourth and Fifth Amendment rights. The habeas petition did not mention the DOCS sentencing calculation that was the subject of the earlier Article 78 petition.

Following the filing of the petition for habeas corpus, on April 20, 2009, the district court (Hellerstein, *J.*) directed Respondent to file an answer. On July 16, 2009, Respondent filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner, proceeding *pro se*, filed his opposition to the motion to dismiss on or about October 26, 2009. The district court granted the motion to dismiss the petition as time-barred on March 19, 2010, and denied a certificate of appealability.[2]

Petitioner timely filed a notice of appeal and motion for a certificate of appealability with this Court; a panel of this Court granted that motion on October 1, 2010, limited to the issue of whether the one-year limitations period of § 2244(d)(1) had been tolled by Petitioner's filing of Article 78 petitions in New York state court. This appeal followed.

---

[2] The district court also denied Petitioner's claims to equitable tolling of the limitations period. Petitioner does not challenge that denial on appeal.

## DISCUSSION

The legal question on appeal is straightforward. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner was required here to file his petition for habeas corpus within one year of the expiration of the time for seeking direct review of the state court judgment at issue. *See* 28 U.S.C. § 2244(d)(1)(A). As set out above, Petitioner filed his habeas petition three years after that period ended in March 2005. The one-year limitations period, however, is tolled during the pendency of certain post-conviction proceedings in state court. 28 U.S.C. § 2244(d)(2).

Of the five motions filed in state court by Petitioner between 2005 and 2008, Respondent agrees that the § 440.10 motion and the two § 440.20 motions tolled the limitations period. Petitioner contends that the Article 78 petition, and the motion to renew that petition, tolled the period as well. If Petitioner is correct, then it is undisputed that his habeas petition would be timely filed. The district court, however, concluded that the Article 78 filings did not satisfy the requirements of § 2244(d)(2), and held that the habeas petition was therefore time-barred.

The facts material to this appeal are undisputed, and our review of whether the petition was filed outside the limitations period as a matter of law is *de novo. Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009) (per curiam).

6

# I.

We begin with the text of the statute. AEDPA's tolling provision states that the statute of limitations is tolled during the adjudication of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). The pertinent judgment in this case is Petitioner's 2001 conviction and sentence for double murder and attempted murder.[3]

On its face, the Article 78 petition in this case was not made "with respect to the pertinent judgment." Indeed, Petitioner did not challenge any aspect of his 2001 conviction or sentence. Rather, he argued that DOCS, the New York agency charged with administering the prison system, wrongly determined that his unchallenged 2001 sentence should run consecutively, rather than concurrently, to a *previous* unchallenged sentence imposed pursuant to a separate conviction for robbery.

The Article 78 petition argued, in essence, that DOCS had erred in failing to conclude that notwithstanding N.Y. Penal Law § 70.25(2-a), Petitioner's 2001 judgment required that his sentences for murder and attempted murder run concurrently with the undischarged portion of his sentence for robbery. Thus, Petitioner did not seek review or reconsideration of the pertinent judgment. He

---

[3] Under New York law, "[a] judgment is comprised of a conviction and the sentence imposed thereon." N.Y. Crim. Proc. Law § 1.20(15).

7

sought, instead, a recalculation of his prison term, supposedly in accordance with that judgment.

Petitioner argues that the Supreme Court's recent decision in *Wall v. Kholi*, 131 S. Ct. 1278 (2011), suggests that his Article 78 petition was nevertheless made with respect to the pertinent judgment for tolling purposes. We disagree. Properly read, *Wall* in fact demonstrates that the Article 78 petition at issue here did not toll the AEDPA limitations period.

In *Wall*, a prisoner moved under Rhode Island law to have his sentence reduced, without challenging the legality of that sentence. *Id.* at 1282. The Court held that such a motion tolled the limitations period. In *Wall*, however, the "pertinent judgment" challenged in habeas proceedings was the Respondent's conviction and sentence for sexual assault; his application for post-conviction review sought a reduction in that *same* sentence. *Id.*[4]

The *Wall* Court's treatment of "review" in § 2244(d)(2), moreover, makes clear that the Article 78 petition here did not satisfy the requirements for tolling.

---

[4] The same is true of two Tenth Circuit decisions, cited by Petitioner, that involved petitions for sentence reduction. *See Howard v. Ulibarri*, 457 F.3d 1146, 1147–1148 (10th Cir. 2006)*; Robinson v. Golder*, 443 F.3d 718, 719–720 (10th Cir. 2006) (per curiam). To be sure, Petitioner here, like the prisoners in *Wall*, *Howard*, and *Robinson*, sought a reduction in the total time he would serve in prison. That objective without more, however, does not render the Article 78 petition here one for "review with respect to the pertinent judgment": the total term of imprisonment could also have been reduced, for example, by reason of an Article 78 petition seeking a reduction in a wholly separate, independent prison sentence, but such a petition would not toll the statute of limitations for a habeas petition challenging the pertinent judgment.

In the Court's words, "to trigger the tolling provision, a 'collateral' proceeding must . . . involve a form of 'review.'" 131 S. Ct. at 1285. Several federal circuit courts had concluded, prior to *Wall*, that collateral review denotes a challenge to the lawfulness of a conviction or sentence. The Court, however, said that "review" constitutes

> an "act of inspecting or examining" or a "judicial reexamination." Webster's [Third New International Dictionary] 1944 [(1993)]; see also Black's [Law Dictionary] at 1434 [(9th ed. 2009)] ("[c]onsideration, inspection, or reexamination of a subject or thing"); 13 O[xford] E[nglish] D[ictionary] 831 [(2d ed. 1989)] ("[t]o submit (a decree, act, etc.) to examination or revision"). We thus agree with the First Circuit that "'review' commonly denotes 'a looking over or examination with a view to amendment or improvement.'" [*Kholi v. Wall*, 582 F.3d 147, 153 (1st Cir. 2009)] (quoting Webster's 1944 (2002)). Viewed as a whole, then, "collateral review" of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process.

131 S. Ct. at 1285.

Read straightforwardly, this passage says that "review" occurs when a reviewing court reconsiders the work of the original court to correct an error or infelicity committed by that original court—or rather, submits that original court's work to examination or revision.[5] Petitioner argues, in contrast, that "review" extends so far as to encompass circumstances in which a reviewing court merely considers a judgment with a view to amending or improving

---

[5] The *Wall* Court thus distinguished between "[a] motion to reduce sentence" and motions "for post-conviction discovery or . . . appointment of counsel," noting that the latter "are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." 131 S. Ct. at 1286 n.4.

something *besides* that judgment. Petitioner here made no complaint in his Article 78 petition against the original judgment, nor sought reexamination of any element of that judgment—on the contrary, he thought that the meaning and scope of the judgment were clear. Petitioner sought examination and amendment, instead, of DOCS's understanding of the legal interaction between the pertinent judgment and a state statute requiring that his undischarged sentence on the robbery conviction be served consecutively with his sentence under the pertinent judgment. An application seeking such relief, however, is not an application for review of the judgment itself.[6]

## II.

Interpreting § 2244(d)(2), by its plain language, to toll the limitations period only for those applications that seek review of part or all of the pertinent judgment tracks the statutory structure of the AEDPA statute of limitations. AEDPA was enacted in part "to further the principles of comity, finality, and federalism" by "limit[ing] the scope of federal intrusion into state criminal adjudications and . . . safeguard[ing] the States' interest in the integrity of their criminal and collateral proceedings." *Williams v. Taylor*, 529 U.S. 420, 436 (2000). One important element in its scheme is the strict one-year statute of

---

[6] Here, as in *Hodge v. Greiner*, 269 F.3d 104 (2d Cir. 2001), we reserve the question of whether, "on facts differing from those in the pending matter, an Article 78 proceeding might be deemed the functional equivalent" of a § 2244(d)(2) application for post-conviction review. *Id.* at 107.

limitations for habeas claims, § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 179 (2001). The tolling provision, § 2244(d)(2), is equally important. It stops the limitations clock, but only when a petitioner waits to bring a habeas challenge in federal court because he or she is instead bringing that challenge in state collateral review proceedings. *Id.* at 179–180.[7]

These provisions function in tandem if the state court applications that toll the statute of limitations period pursuant to § 2244(d)(2) seek review of the judgments challenged in habeas proceedings, governed by § 2244(d)(1). If, however, § 2244(d)(2) tolls the limitations period for applications that do not call the pertinent judgment into question, the statutory structure fails to cohere.

Under New York law, for example, some inmates may receive time off from their sentences for good behavior. N.Y. Correct. Law § 803. The availability of such good time credits, and their extent where available, varies by type of sentence imposed. *See id.* §§ 803–804. If we were to adopt Petitioner's reading of § 2244(d)(2), inmates challenging the state's calculation of their good time credits through Article 78 petitions or other means could toll AEDPA's statute

---

[7] We note that a state prisoner may, subject to the limitations of AEDPA, bring a habeas petition challenging aspects of his or her confinement as violating the Constitution or federal law. *See, e.g., James v. Walsh*, 308 F.3d 162, 166–167 (2d Cir. 2002). We do not address tolling of the limitations period applicable to such a habeas petition. *Cf. Cook v. New York State Div. of Parole*, 321 F.3d 274, 279–281 & n.5, 282 (2d Cir. 2003) (holding the one-year statute of limitations of 28 U.S.C. § 2244(d)(1) applicable to a habeas petition challenging continued confinement due to a parole revocation, but not addressing tolling under § 2244(d)(2)).

of limitations with regard to their judgments of conviction merely by characterizing their filings as pointing out a misunderstanding of the interrelationship between their judgments of conviction and the statutory provisions governing good time credits. Yet challenges to the calculation of good time credits have no bearing on the merits of habeas petitions seeking relief from judgments of conviction for being contrary to law. In that situation, federal habeas proceedings seeking relief from state court judgments of conviction would illogically wait on state post-conviction proceedings seeking no revision of those judgments.

Sections 2244(d)(1) and (2), by their terms, balance several significant, yet potentially conflicting state interests. These interests include respecting the finality of state court judgments while permitting the exhaustion of state remedies for (putatively) improper judgments, *Duncan*, 533 U.S. at 178–180; and "provid[ing] both litigants and States with an opportunity to resolve objections at the state level, potentially obviating the need for a litigant to resort to federal court," *Wall*, 131 S. Ct. at 1288.

Interpreting § 2244(d)(2) to reach applications for relief that do not bear directly on the pertinent judgment would impede finality while doing little to serve either a state's interest in exhaustion of remedies or its interest in resolving objections to the judgment at the state level rather than in federal habeas proceedings. Again, applications of the type at issue here assume the

judgment to be correct and, as a result, seek no revision of it. Tolling the limitations period while such applications are considered in state court would thus in no way obviate the need for habeas review of the pertinent judgment, because that judgment, and its alleged shortcomings, would remain intact.

Here, for example, none of the grounds asserted by Petitioner for habeas relief related to his Article 78 claim that DOCS improperly failed to run his robbery and murder sentences concurrently. Adopting Petitioner's argument, habeas review would have been required to address these grounds no matter what; it merely would have taken place considerably later in time.

### III.

Petitioner argues that whatever the force of these considerations in the abstract, holding that the Article 78 petition (and the motion to renew that petition) did not toll the limitations period here would be illogical, because his first § 440.20 motion, which indisputably did have this effect, sought the same relief on the same theory as the Article 78 filings.

This argument is without merit. Section 440.20 authorizes the court in which a judgment of conviction has been entered to, "upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." Granted, in the first § 440.20 motion, like the Article 78 petition, Petitioner urged that DOCS erred in concluding that his sentence for murder and attempted murder should run

13

consecutively to his earlier sentence for robbery. In addition to seeking an order requiring DOCS to recalculate his sentence, however, Petitioner's first § 440.20 motion *also* sought, in the alternative, that he be permitted to withdraw his guilty plea and stand trial on the murder and attempted murder charges. The first § 440.20 motion, therefore, unlike the Article 78 petition, sought relief from the *judgment of conviction itself*, thus rightly tolling the limitations period.

To equate the Article 78 petition and the first § 440.20 motion would require us to ignore the portion of Petitioner's § 440.20 motion in which he sought vacatur of the pertinent judgment, and to read the motion as merely making the Article 78 arguments alone. We see no reason for doing so, and Petitioner does not attempt to provide one.

## CONCLUSION

Congress drafted AEDPA's tolling provision as a carefully delineated exception to a demanding statute of limitations. This exception tolls the limitations period only during the adjudication of properly filed applications for collateral review of the *pertinent judgment* at issue. Petitioner has provided no convincing reason why this exception applies to the Article 78 filings in this case. For the foregoing reasons, we AFFIRM the judgment of the district court.