FILED
United States Court of Appeals
Tenth Circuit

April 21, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL LAMONT JOHNSON,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director,

        Respondent - Appellee.

No. 08-6024

(W.D. Oklahoma)

(D.C. No. 5:07-CV-1013-F)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

On September 13, 2007, Daniel Lamont Johnson filed in the United States

District Court for the Western District of Oklahoma an application for a writ of

habeas corpus under 28 U.S.C. § 2254. The district court dismissed his

application as time-barred. Mr. Johnson now seeks a certificate of appealability

(COA) to appeal that dismissal. *See id.* § 2253(c) (requiring COA to appeal

denial of application). We deny his request for a COA and dismiss this appeal.

Mr. Johnson pleaded guilty in Oklahoma state court on October 19, 2004,

to robbery with firearms, shooting with the intent to kill, and kidnapping. He was

sentenced the same day. He did not pursue an appeal, but on October 14, 2005,

he filed a motion to modify his sentence, which the court denied on November 23,

2005. On August 3, 2006, he filed in the state court an application for

postconviction relief.  The court denied the application on November 3, 2006, and he did not appeal that decision.  He filed a second application for postconviction relief in state court on March 16, 2007; it was denied on April 3, 2007.  He appealed that decision to the Oklahoma Court of Criminal Appeals, which affirmed the denial on May 29, 2007.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong."  *Id*.  If the application was denied on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling."  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

The Antiterrorism and Effective Death Penalty Act provides that a habeas application from a prisoner in state custody must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period, however, is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* §2244(d)(2); *but see Bridges v. Johnson*, 284 F.3d 1201, 1203-04 (11th Cir. 2002) (motions to modify sentences do not toll the limitations period). In addition, equitable tolling of the one-year period may be granted, but only in "rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

Mr. Johnson's application under § 2254 is clearly time-barred. He pleaded guilty on October 19, 2004. Oklahoma Court of Criminal Appeals Rule 4.2(A) states: "In all cases, to appeal from any conviction on a plea of guilty . . . , the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence . . . ." Okla. Stat. tit. 22, ch. 18, App. Rule 4.2(A) (2003). Because Mr. Johnson failed to file a motion to withdraw his guilty plea, his conviction became final for § 2244(d) purposes on October 29, 2004, ten days after the entry of his judgment and sentence. *See Thomas v. Hargett*, 162 F.3d 1174, at *1 (10th Cir. 1998) (unpublished decision table). The § 2244 limitations

-3-

period therefore expired by October 30, 2005. Even assuming that all Mr. Johnson's state proceedings tolled the one-year limitations period, the untolled period between October 30, 2004, and the filing of his § 2254 application for relief on September 13, 2007, well exceeded a year.

Mr. Johnson argues that the limitations period should be equitably tolled. In district court he claimed that he was delayed by inadequate access to the prison law library (6 hours per week), his low intelligence, and trial counsel's ineffective assistance. But he asserted only that these circumstances "*may* be the reason why [he] was not able to[] timely appeal [sic]," R. Doc. 17 at 2 (emphasis added), and failed to elaborate on how these circumstances in fact caused the delay. He has not explained why the limitation on his access to the prison law library precluded a timely § 2254 application, and the other circumstances, without more, do not justify tolling. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("attorney's . . . mistake is not a basis for equitable tolling."); *United States v. Richardson*, 215 F.3d 1338 (10th Cir. 2000) (unpublished decision table) (learning disability does not toll limitations period). Thus, his application for relief under § 2254 is untimely.

Because no reasonable jurist could debate the correctness of the district court's ruling, we DENY Mr. Johnson's request for a COA and DISMISS this appeal. We DENY Mr. Johnson's motion to proceed *in forma pauperis* on appeal.

We remind him of his obligation to pay the filing fee even on an appeal that has been dismissed.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge