FILED
United States Court of Appeals
Tenth Circuit

October 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESLEY CLAYTON BROWN,

Petitioner – Appellant,

v.

DAVID PARKER, Warden,

Respondent – Appellee.

No. 09-7063
(E.D. Okla.)
(D. Ct. No. 6:08-CV-00243-RAW-KEW)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Lesley Clayton Brown, an Oklahoma state prisoner appearing pro se[1] and *in forma pauperis*, seeks a certificate of appealability (COA). He wants to appeal from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Because he has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss this appeal.

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

# I.    BACKGROUND

Brown was charged in Oklahoma state court with three counts of rape arising from allegations he had sexual intercourse with his stepdaughter. Brown pled guilty to the reduced charge of lewd molestation. According to the plea worksheet, the factual basis for Brown's plea was "[Brown] masturbated in front of [his] step-daughter who was 8 years old at the time." (R. Vol. I at 46.) On December 20, 2005, Brown was sentenced to 20 years imprisonment. He did not seek to withdraw his guilty plea or otherwise appeal. On October 19, 2007, Brown filed a petition for post-conviction relief in state court. The trial court denied it on November 8, 2007; the appellate court affirmed on March 11, 2008.

On May 16, 2008, Brown filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging his guilty plea was involuntary due to his trial counsel's ineffectiveness. He claimed his attorney deliberately lied to him to induce a plea by telling him (1) he would only have to serve 5 years imprisonment when in fact he would have to serve 85% of his 20-year sentence and (2) he could not prove the victim was still a virgin when in fact the physical examination report of the victim showed her hymen was still intact and she had no vaginal scarring or tears.

The State filed a motion to dismiss Brown's petition as untimely under the Antiterrorism and Effective Death Penalty Act, which requires state prisoners to file a habeas petition in federal court within one year from the date their convictions become final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). In response, Brown alleged that upon his arrival at the prison to serve his sentence, he learned he

would have to serve 85% of his sentence rather than 5 years as his attorney had told him. He complained to a fellow inmate who informed him Oklahoma case law required a defendant to be notified he would have to serve 85% of his sentence prior to pleading guilty. The inmate told Brown to obtain a copy of his file from his attorney to verify he had not been informed he would have to serve 85% of his sentence prior to pleading guilty. On June 25, 2007, Brown sent a letter to his attorney requesting he send a copy of his file to his ex-wife; he sent a second letter to his attorney on July 17, 2007, asking that a copy of his file be sent directly to him. On July 26, 2007, he sent a letter to the district attorney also requesting a copy of his file. He received a copy of his file from the district attorney on August 6, 2007. Included in the file was a report of the victim's physical examination showing the victim's hymen was still intact. Based on this report, Brown learned his attorney had lied to him about his inability to prove the victim was still a virgin. Therefore, Brown claimed the limitations period did not begin to run until August 6, 2007, when he learned the factual predicate of his claims. *See* 28 U.S.C. § 2244(d)(1)(D) ("The [one-year] limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").

Brown also moved for equitable tolling based on his attorney's lies, his actual innocence and his diligence in pursuing his claims. As to the latter, he claimed: "There simply was no information available to put [him] on notice that his attorney had lied to him, until he received the discovery from the district attorney's office." (R. Vol. I at

3

107.)

The district court determined Brown's § 2254 petition was time-barred. Because Brown failed to file an application to withdraw his guilty plea within ten days after entry of his judgment and sentence on December 20, 2005, as required by Oklahoma law, *see* Okla. Stat. tit. 22, ch. 18, App. Rule 4.2(A), the court determined his conviction became final and the one-year statute of limitations began to run ten days later on December 30, 2005. *See Johnson v. Jones*, 274 Fed. App. 703, 705 (10th Cir. 2008) (unpublished).[2] Therefore, Brown had one year from December 30, 2005, or until December 30, 2006, in which to file his § 2254 petition. He did not file it until May 16, 2008.

The court rejected Brown's claim the limitations period began on August 6, 2007, under 28 U.S.C. § 2244(d)(1)(D). Based on Brown's own allegations, the court found he first learned he had to serve 85% of his sentence when he entered the prison system to serve his sentence. Relying on the Oklahoma Department of Corrections' website, the court determined Brown entered the prison system on approximately July 28, 2006. Therefore, it concluded he knew in July 2006 that his attorney had lied about the amount of time he would have to serve. The fact he later learned from a fellow inmate that Oklahoma law required a defendant to be informed of the 85% rule prior to pleading guilty was irrelevant as nothing in that case law alerted him to the factual basis for his claim.

---

[2] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Johnson* as we would opinions from another circuit, persuasive because of their reasoned analyses.

4

The court concluded Brown was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). While Brown filed a petition for post-conviction relief in state court, such petition did not toll the limitations period under 28 U.S.C. § 2244(d)(2) because it was not filed until after the statute of limitations had already expired.

The court also determined Brown was not entitled to equitable tolling because he failed to show he diligently pursued his claims. While Brown may not have learned his attorney had lied to him about the inability to show the victim was still a virgin until August 6, 2007, when he received his file, Brown failed to explain why he waited from the date of his incarceration, July 2006, until June 2007 in which to request his file. Nor did he explain why he waited two months after receiving the file to file his state petition for post-conviction relief.

Finally, the court rejected Brown's claim of actual innocence:

[A]part from his unsupported allegations, there is no evidence in the record to suggest [Brown] is actually innocent of the charge of which he was convicted. Brown entered a guilty plea to the crime of Lewd Molestation, not Rape. He admitted in writing and in open court that he masturbated in front of his eight-year-old stepdaughter . . . . In addition, the victim's physical examination report stated that "the physical examination is normal and consistent with the history of sexual abuse as given by child/adult" and "the vaginal introitus could accommodate penile penetration without being torn or lacerated" . . . . The court finds [Brown] cannot establish his innocence with this document, and counsel's alleged failure to provide the information to [him] before his plea did not constitute egregious conduct.

(R. Vol. I at 119-20 (citation omitted).) It denied Brown's subsequent request for a COA.

## II.        DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In his application for a COA and proposed opening brief, Brown continues to maintain the statute of limitations did not begin to run until August 6, 2007, because it was not until that date that he received his file and learned the factual predicate of his claims. We disagree. 28 U.S.C. § 2244(d)(1)(D) provides: "The [one-year] limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered t*hrough the exercise of due diligence.*" (Emphasis added). Brown admits he learned he would be required to serve 85% of his sentence on or about July 28, 2006. At that time, he knew his attorney had lied to him

6

about the amount of time he would be required to serve. He claims he needed his file in order to prove the lie. But he fails to explain why he waited almost a year (until June 2007) to request his file. The record shows he received a copy by the first week of August 2007. Therefore, had he diligently requested it in July 2006, he would have learned by at least September 2006[3] the factual predicate of both of his claims (*i.e.*, his attorney lied to him about (1) the amount of time he would be required to serve and (2) the inability to prove the victim was a virgin). Consequently, under § 2244(d)(1)(D), Brown had one year from September 2006 in which to file his habeas petition. He did not file it until May 16, 2008. Again, Brown's October 19, 2007 state petition for post-conviction relief did not toll the limitations period because it was not filed until after the statute of limitations had expired. Brown's § 2254 petition was clearly untimely.

We have carefully reviewed the record and the district court's order as well as Brown's application for COA and proposed opening brief. Because we conclude no jurist of reason could debate the correctness of the district court's decision, we **DENY** his request for a COA and **DISMISS** this nascent appeal. We **GRANT** Brown's Motion to Supplement the Record (with attached material) and have considered that material.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge

---

[3] This is a conservative estimate. Once Brown requested a copy of his file from the district attorney, he received it within a week.